No. 21.—GEORGE W. COLLEY, plaintiff in error, *vs.* WILLIAM MORGAN, defendant.

[1.] A bond executed by a debtor, arrested by *Ca.sa.* to appear at Court, and take the benefit of the Act for the relief of Honest Debtors, though *less* than twice the amount of the arresting creditor's debt, is a valid bond, and binding on the parties.

[2.] Where the Sheriff arrested a defendant by virtue of a *Ca.sa.*, and released him by taking bond for his appearance at Court, to take the benefit of the Act for the relief of Honest Debtors, in an amount less than twice the amount of the creditor's demand ; the bond being taken in good faith by the sheriff: *Held,* that he was not guilty of a voluntary escape, but of a negligent escape, and might *retake* the defendant in *Ca. sa.*, and surrender him in Court, in discharge of his liability to an attachment for contempt under the Statute.

Rule against the former Sheriff. Baker Superior Court, before Judge WARREN, May Term, 1848.

A *Capias ad satisfaciendum,* sued out in the Court below, at the instance of the defendant in error, against one William Brockett, for the sum of one hundred and seventy-five dollars, besides interest and costs, was placed in the hands of the plaintiff in error as sheriff, to be by him executed and returned, as such sheriff. The *ca. sa.* was issued on the 22d day of December, 1847, and by the return of the plaintiff in error, appears to have been executed by him on the 4th day of January, 1848.

It further appears, that on the same day of the arrest, the defendant in *ca. sa.* Brockett, gave bond to the sheriff, Colley, of which the following is a copy :

Colley *vs.* Morgan.

GEORGIA, BAKER COUNTY—

"Know all men by these presents, that we, William Brockett and John Montgomery, of the above county, do acknowledge our selves firmly bound unto William Morgan, in the just and full sum of three hundred dollars, to the true payment of which, we bind ourselves, our heirs, executors and administrators, firmly and severally, sealed with our seals and dated, this January 4th, 1848.

"The condition of the above bond or obligation is such, that whereas the above bound William Brockett, has been arrested by G. W. Colley, sheriff of said county, with a *ca. sa.* issued from the Superior Court of Baker county. Now, should the said William Brockett, personally appear at the next Superior Court of said county, and comply with the law to take the benefit of the Act for the relief of honest debtors, and abide by such proceedings as the Court may order against him in the above case, then this obligation to be void, else remain in full force and effect."

W. BROCKETT. (L. S.)

JOHN MONTGOMERY, (L. S.)

At the May term of the Court below, 1848, the defendant in error, being the plaintiff in *ca. sa.* moved a rule *nisi* against the plaintiff in error, as sheriff, reciting that he had arrested said defendant in *ca. sa.* under and by virtue thereof, and that said Brockett, had been permitted to escape and go at large, by the said sheriff, and requiring him to show cause why he should not be held and made liable for the amount due upon said *ca. sa.* and why he should not pay over the same to said plaintiff in *ca. sa.* or his attorney, for said escape, &c. Counsel for sheriff moved to discharge this rule, on the ground that he was not liable to be proceeded against in this summary way, which was overruled by the Court; to which sheriff excepted. In answer to the above rule *nisi*, the plaintiff in error showed, that he had arrested said Brockett, and took from him the bond herein before copied ; and further, that the said Brockett had surrendered himself up in open Court, in obedience to the condition of said bond, and was then in Court, ready on his motion, to take the benefit of the insolvent laws, having filed his schedule in terms of the law, or to remain in custody until he should so do ; or to give, instanter, a good and valid bond conditioned therefor. And further, that said bond hereinbefore copied, was taken and received by said sheriff *in good faith*, when said Brockett was arrested ; and that

said Brockett was only permitted to go at large, upon his execution and delivery of said bond with the security thereto subscribed, unto the respondent, and the plaintiff in error therefore prayed, that the said rule against him might be discharged.

After argument of counsel, the Court below ruled the said showing insufficient, and ordered, that the said rule *nisi* should be made absolute, and ordered an attachment to issue against him as for contempt, to be discharged upon his payment of the amount of principal, interest and cost, due upon said *ca. sa.*

To which decision of the Court below, the counsel for the sheriff excepted upon the following grounds :

1st. Because, by the sheriff's shewing, it appeared to the Court, that he had discharged his duty as sheriff, and was guilty of no contempt of Court in the premises.

2d. Because, by the action of respondent as sheriff, he had by virtue of said *ca. sa.* produced the body of the defendant Brockett in Court, in compliance with the Statute.

3d. Because, by the action of the sheriff as disclosed by said rule *nisi*, no injury had been done to the plaintiff in *ca. sa.* but that he was in the same condition as if a legal bond had been taken, and that the spirit and intention of the law had been complied with.

4th. Because, by said answer to said rule *nisi*, said sheriff had acted in good faith, and was therefore guilty of no contempt, and was not, therefore, liable to be proceeded against in such summary way.

5th. Because there was no evidence before the Court contradicting the sheriff's answer, or that the plaintiff, or his attorney, or his agent, or any other person for him, had furnished to the sheriff such a bond, or any instructions thereunto, as would be satisfactory to him under the law, and the sheriff being no judicial officer, could not determine as to the validity of said bond, but could not be judged by his judgment, and this bond he believed in good faith, was sufficient.

6th. Because all the facts presented in said rule and answer, were matters properly belonging to the jury, and could only be passed upon and determined by the verdict of a jury, whether the sheriff was liable or not, and therefore plaintiff could not proceed against said sheriff in this summary way, but only on his bond as sheriff, or in an action at law for an escape.

7th. Because, by and in said answer, the sheriff expressly claimed a trial by jury, which was denied him by the Court, and to which he was entitled under the Constitution.

Upon which exceptions, the errors complained of are assigned in this Court.

LYON & CLARK and STROZIER, for plaintiff in error.

1st. The Court erred in deciding that the escape was such a contempt as was punishable by attachment, because the Common Law and the British Statute of force, do not give such right; and it has not been granted by the Act of 1791. 4 *Black. Com.* 231 1 *Rich. 2d.* 1377. *Schley's Dig.* 129. 1 *Anne* 1701. *Schley's Dig.* 300. 5 *Anne,* 1706. *Schley's Dig.* 333. *Statute of* 1799. *Prince,* 431, *sec.* 10. *Craig vs. Maltbie,* 1 *Kelly,* 547.

2d. The Court erred in striking out the answer of the sheriff, for the following reasons, to-wit:

First, Because thereby, the Court considered him liable to attachment, notwithstanding he had taken a bond which was evidence that it was *negligent,* and not *voluntary* escape. *Allen on Sheriffs,* 237. *Craig vs. Maltbie,* 1 *Kelly,* 548. 8 *Wheeler's Common Law,* 63, *(case cited.) Mongin vs. Cheney,* 1 *Hill's S. C. R.* 145. 1 *Tomlin's Law Dictionary,* 120. *Act of Dec. 19th,* 1823. *Prince,* 291. 1 *Barker's Sheriff,* 177. *Allen on Sheriffs,* 236. *Sewell on Sheriffs,* 419.

Second, Because he thereby refused to permit the Sheriff to surrender the defendant's body, or to make a sufficient bond, as the Sheriff should have been allowed to have purged himself of the contempt in such manner. *Allen on Sheriffs,* 211, 221, 239, 240. 19 *Eng. Com. Law,* 183. 28 *do.* 376. *Wheeler's Com. Law,* 63. *Refer to State vs. Tipton,* 1 *Beckford Ind. R.* 167. *Plank vs. Anderson,* 5 *T,* 17. *Bonafous vs. Walker,* 2 *T,* 55. *Sewell on Sheriffs,* 418. 1 *Swift,* 543. 3 *Black. Com.* 415.

3d. Because the facts which the Sheriff's answer exhibits, show that the plaintiff had sustained *no injury* by this negligent escape. *Prince.*

4th. Because the facts of the answer show that he acted in good faith, which he thereby, then and there, proposed to prove, and having substantiated them, would not have been liable to attachment for contempt. *Craig vs. Maltbie,* 1 *Kelly,* 549. 8 *Wheeler,* 63. 1 *Tomlin's Law Dic.* 120. *Sewell,* 419.

5th. Because he thereby decided the sheriff to be the judge of the bond, when he is not a judicial but a ministerial officer, and the plaintiff had not given him a bond or instructions, and nevertheless to be liable to an attachment for contempt. *Act of Dec. 19, 1823. Prince,* 291.

6th. Because, in striking out said answer, the facts therein set forth, were prevented being determined by a jury, on a traverse of the rule. *Act of* 1840. *Hotchkiss,* 527.

· 7th. Because, by striking out said answer, Colley was thereby virtually deprived of the right of trial, by jury, upon the facts. *Constitution of U. S. and State of Georgia. Craig vs. Maltbie,* 1 *Kelly,* 546.

H. J. DEVON, for defendant in error.

1st. When a defendant is arrested by *ca. sa.* is it not the duty of the officer to keep him in close confinement until discharged by the judgment of a Court of competent jurisdiction, or by authority of law? 2 *Jacob's Law D.* 394. 2 *Tidd, top page,* 1024.

2d. When a defendant is arrested by *ca. sa.* and the officer permits him to go at large, knowingly, and of his own consent and authority, is he not guilty of a voluntary escape? 2 *Jacob,* 419. 1 *Tidd,* 232. *Allen on Shffs.* 228, 236, 238.

3d. When a defendant is arrested by *ca. sa.* and the officer lets him go free voluntarily, by taking a bond in a sum less than twice the amount, (when the Statute says he shall take a bond in twice the amount of the debt,) is the officer thereby authorised to let the defendant go at large, or is the bond good as a statutory bond, or is the officer not guilty of an escape? *Prince,* 291. 1 *Kelly,* 582.

4th. If an officer arrests a defendant in a *ca. sa.* and after such arrest he takes a bond of the defendant in the sum of $50 less than twice the amount of the debt, (when the Statute says it shall be in twice the amount of the debt,) and then lets him (the defendant) go free, will it release the officer from liability? and if so, can he not take bond for less than twice the amount of the debt? (except a mere fraction.) And can he not, by the same power, increase the bond to ten or more times the amount of the debt? And would not this power give to the officer the authority to reduce or increase the bond as he pleases, without refer-

Colley *vs.* Morgan.

ence to the Statute, and thus destroy the plaintiff's rights, or oppress the defendant? *Prince*, 291. 1 *Kelly*, 582.

5th. After an officer arrests a defendant in *ca. sa.* is it not *functus officio?* And if the officer permits a voluntary escape of the defendant, can he again arrest the defendant, or will the defendant, by surrendering himself up again, release the officer from liability for an escape? 2 *Jacob*, 419. 1 *Tidd*, 232. *Allen*, 228, 236, 238.

6th. When an officer is guilty of a voluntary escape under a *ca. sa.* is there any act of the defendant that can release him from liability? *Allen on Shffs.* 238.

7th. Is a trial by jury absolutely indispensable in obtaining a judgment in a Court of competent jurisdiction? 1 *Kelly*, 457, 548.

8th. Cannot, or does not a party waive and dispense with his right of trial by jury, by confessing the facts and charges alleged against him? 1 *Kelly*, 547, 548.

9th. Is a judgment void that is not obtained against a party by a trial by jury.

10th. Is not the officer guilty of a contempt in disobeying the process of a Court of competent jurisdiction, according to law? That is to say, is he not guilty of a contempt in not arresting a defendant in *ca. sa.* as directed by it? And is he not guilty of a contempt, after arresting a defendant in *ca. sa.* by permitting him to go at large voluntarily, when the writ directs him to keep the defendant in close custody. 2 *Jacob*, 51. *Allen on Sheriffs*, 236.

11th. Is not an officer, by permitting a voluntary escape of a defendant in *ca sa*, guilty of a contempt. Does he not disobey the process of the Court, in letting him go free? And is he not liable by attachment for the same? 1 *Kelly*, 547. 1 *Tidd*, 232.

12th. Will ignorance of the law, or faith without works, when it is contrary to law, excuse an officer in disobeying a process of the Court, or from a contempt, or in permitting a voluntary escape?

*By the Court.*—WARNER, J. delivering the opinion.

By the Judiciary Act of 1799, it is declared, "the sheriff shall be liable, either to an action on the case, or an attachment for contempt of Court, at the option of the party, whenever it shall

appear that he hath *injured such party*, either by false returns, or by *neglecting to arrest the defendant*, or to levy on his property, or to pay over to the plaintiff or his attorney, the amount of any sales which shall be made under, or by virtue of any execution, or any moneys collected by virtue thereof." *Prince*, 431. An attachment for contempt was made against the sheriff, in the Court below, for *neglecting to arrest a defendant in execution*, alleging that the plaintiff in *ca. sa.* had been *injured* by the default of the sheriff. By the return of the sheriff, it appears he arrested the defendant in the *ca. sa.* and took bond with security, for his appearance to take the benefit of the honest debtor's Act of 1823. That Act provides, that when a defendant in *ca. sa.* shall be arrested, and is desirous to take the benefit of the Act, he shall tender to the sheriff a bond, payable to the party at whose instance the arrest is made, in twice the amount of the debt, conditioned for his appearance at the next term of the Court, in which said *ca. sa.* was obtained, then and there to stand to and abide by such proceedings as may be had by the Court, in relation to his taking the benefit of the Act, and in case of failure to appear, judgment shall be entered up instanter, upon said bond, against the principal and his securities, to be discharged *upon the payment of the debt and costs.* The Act further provides, that upon the debtor tendering such bond, it shall be the duty of the sheriff to release him from custody, any law, usage or custom to the contrary, notwithstanding. *Prince*, 291–2. The sheriff released the debtor from custody, upon his tendering a bond, in *good faith*, but it is objected, that the bond is *void*, as not being in *twice the amount of the debt*, and therefore, is no *security* to the plaintiff in the *ca. sa.*

[1.] The Act does not declare, that if the bond shall be taken in any other manner than is therein prescribed, it shall be void ; and in our judgment, it is not void, but good, and binding on the parties. It does not lie in the mouths of the obligors to object to the bond, because it is *less onerous* than the Statute requires. *Burroughs vs. Louder, et al.* 8 *Mass. Rep.* 380.

The plaintiff in *ca. sa.* was entitled to have entered up judgment on it, for the amount of his demand, if the principal debtor had not appeared at the Court. Although the bond is not in *double* the amount of the plaintiff's demand in the *ca. sa.* yet it is for an amount sufficient to cover his demand. The plaintiff, therefore, in the language of the Act of 1799, was not *injured* by the act of

the sheriff in taking the bond for a less amount than was required by the Act of 1823. But the return of the sheriff further shows, tha the had the body of the defendant in *ca. sa.* at the Court, ready to surrender him, and urged that as a reason why he ought not to be attached for contempt.

[2.] According to the return of the sheriff he was not guilty of a *voluntary* escape, but a *negligent* escape, and had the right to re-take the defendant, and surrender his body in Court, as it appears from the record he offered to do. In order to subject the sheriff to an attachment for contempt under the Statute, it must appear that he has *injured* the plaintiff in *ca. sa.* by neglecting to arrest the defendant. The sheriff's return is admitted to be true, in which he states he did arrest him, and took the bond in *good faith*, and that bond in our judgment is good, and binding on the parties to it, and in default of the appearance of the principal debtor, judgment could have been entered thereon against him and his securities. But the sheriff farther shows, he had the defendant *in Court*, ready to comply with its order. How, then, has the plaintiff in *ca. sa.* been injured? If the sheriff had been guilty of a *voluntary* escape, then he would have had no right to have re-taken the defendant, and surrendered his body in Court; but he was not guilty of a voluntary escape, and therefore had the right to re-take him, and have him in Court, to answer whatever demands the plaintiff in *ca. sa.* might have against him. His body was *legally there*, either to take the benefit of the Act for the relief of honest debtors, or be imprisoned until he was discharged by due course of law.

Let the judgment of the Court below be reversed.