Faircloth *vs.* Freeman.

No. 35.—REDDING FAIRCLOTH, plaintiff in error, *vs.* THOMAS FREEMAN, defendant in error.

[1.] A defendant was arrested on a *ca. sa.* from a Justice's Court, and having given bond, conditioned for his appearance at the Magistrate's Court from which the *ca. sa.* issued, from term to term, and not to depart thence with-

out leave of the Court, and no more, was discharged by the Constable: *Held*, that the bond was a nullity, and that the Constable was liable to the plaintiff in execution upon a rule, for the amount of the execution.

*Certiorari*, in Baker Superior Court. Decision by Judge WARREN, June Term, 1851.

To a rule *nisi* granted by the Justice's Court of the 945th District G. M. against Thomas Freeman, former Constable, to show cause why he should not pay over to Reddin Faircloth, guardian, the amount due on a *ca. sa.* against David Ham, placed in his hands, Freeman made as his return—

"That he arrested David Ham under the *ca. sa.* and took from him in good faith, and without any intention to injure the plaintiff, the following bond:

GEORGIA, Baker County.

Know all men by these presents, that we, David Ham and ——, are held and firmly bound unto Reddin Faircloth, guardian, &c. in the just and full sum of one hundred and twenty dollars, for the true payment of which, we bind ourselves, our heirs, executors, administrators and assigns, jointly and severally, firmly by these presents, assigned with our hands and seals, and dated this 30th day of January, 1851.

Now, the condition of the above obligation is such, that whereas Reddin Faircloth, guardian, &c. hath lately commenced his suit against David Ham, in the Justices' Court to be holden in and for the 945th District G. M.: now, if the said David Ham shall personally appear from term to term, and shall not depart without leave of said Court, then the above bond to be void, else remain in full force.

[Signed,]                              DAVID HAM,
                                       SETH BOULTON.

2. That he returned the *ca. sa.* and bond to the Justices' Court whence the *ca. sa.* issued, and according to the command of the *ca. sa.*; that David Ham attended the next Inferior Court,

and continued there during its whole session, having previously filed his schedule with the Clerk.

3. That Ham is insolvent, and has never paid any thing upon the *ca. sa.*

The presiding Justice refused to make the rule absolute, and upon a *certiorari* sued out to the Superior Court, the decision of the Justice of the Peace was affirmed.

This decision of affirmance is assigned as error.

Lyon, for plaintiff in error.

Strozier, for defendant.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] The Constable was clearly liable in this case. Upon the arrest of the defendant in execution, it was his duty to keep him safely in custody, unless he should give bond and security, payable to the plaintiff, in double the amount of the debt, conditioned for his appearance at the *next term of the Inferior Court*, to be held in and for the County in which the *ca. sa.* was obtained, then and there to stand to and abide by such proceedings as might be had by the Court in relation to his taking the benefit of the Act for the relief of insolvent debtors. Upon the defendant making or tendering to the officer such a bond, it was his duty to discharge him, and not otherwise. *Cobb's New Digest,* 386, '7.

The Statute requires a bond in twice the amount of the debt. We have, in construing it, (5 *Ga. Rep.* 178,) held that a bond in a less sum is a good bond if in other respects regular. That matter has nothing to do with this case. The bond here is in that particular in conformity with the Statute. The Act requires the bond to be given for the appearance of the defendant at the next term of the *Inferior Court* of the County, in cases where the *ca. sa.* issues from a Justice's Court. Justice's Courts have, no jurisdiction over the matter of discharging insolvent debtors. This *ca. sa.* issued from a Justice's Court. This bond is fatally

defective, and the Constable is as clearly liable as he would be if he had discharged the defendant after his arrest, without taking any bond. It is conditioned for the defendant to appear from term to term, at the Justice's Court, to be holden in and for the 945th District of Georgia Militia, and not to depart without leave of the Court. This is its only condition. The defendant and his sureties are bound, if for any thing, that he shall appear from term to term at the Magistrate's Court, and not depart thence without leave of the Court. What good does this bond do the plaintiff in execution? Suppose that he does not appear, or appearing, departs without leave of the Court, what rights would result thence on this bond to him? None whatever. He has been injured by the act of the officer. The officer has discharged his debtor, and taken no bond that will benefit him one cent. The bond should have been conditioned for the *defendant's appearance at the Inferior Court*, and for *his standing to and abiding the proceedings of that Court in relation to his taking the benefit of the Insolvent Act.*

It is stated in the Constable's return, that the defendant did appear at the next term of the Inferior Court, and continued there during its session. What of that? He was under no legal obligation to be there, and if he had not appeared, the plaintiff in *ca. sa.* would have had no† redress upon him. After the discharge under these circumstances, the officer could not again arrest him. It was a voluntary escape. The Constable returns that he took the bond in good faith, with no intention to injure the plaintiff. This may be so, but good intentions are no excuse for the violation of a duty which the law imposes upon him. Whether his intentions were good or bad, is nothing to the plaintiff. In either event he loses his money by official misconduct, unless the officer is made to pay it. This case was sought to be analogised by the learned counsel to the case of *Colly vs. Morgan,* 5 *Ga. Rep.* 178. It is distinguishable from that case in this vital particular: in that case we were enabled to hold that the bond was a good bond. In this it is without question a nullity.

Let the judgment be reversed.