## NORTON & BRIDGES *v.* FLEMING.

1. A parol contract can not be engrafted on a written one for the sale of lands, so as to alter the terms of the latter.

(*a*) Furthermore, the parol contract sought to be set up was one in which an administrator agreed to perfect titles to land by advertisement and indirect purchase of the same at his own sale as administrator, which would be unenforceable.

2. It appearing from the petition that the plaintiffs had failed to comply with the terms of the written contract for the purchase of the land, the court did not err in sustaining the demurrer.

                        JULY 12, 1916.

Action for damages.   Before Judge Thomas.   Colquitt superior court.   March 4, 1915.

*J. D. McKenzie* and *Pomp Perkins,* for plaintiffs.

*Parker & Mather,* for defendant.

HILL, J.   From the petition it appears that the plaintiffs, C. T. Norton and R. E. Bridges, contracted with the defendant, M. J. Fleming, for the purchase of a certain tract of land in Mitchell county for the sum of $3600, of which consideration the plaintiffs paid $50 cash, and the balance of the purchase-price was to be paid October 15, 1913.   The written agreement was as follows: "August 30, 1913.   This agreement made this 30th day of August, 1913, between W. M. Griner, agent for M. J. Fleming, hereinafter called the seller, and C. T. Norton and R. E. Bridges, hereinafter called the purchaser, witnesseth: In consideration of fifty ($50.00) dollars, the receipt of which is hereby acknowledged, said seller agrees to convey by warranty deed to C. T. Norton and R. E. Bridges all of lot of land number 253 in the ninth (9th) land district of Mitchell County, Georgia.   The purchase-price of said land being three thousand, six hundred ($3,600.00) dollars, and to be paid as follows: fifty ($50.00) dollars this day paid, and three thousand, five hundred and fifty ($3,550.00) dollars to be paid on the 15th day of October, 1913.   [Signed] W. M. Griner, Agent for M. J. Fleming."   At the time of the agreement of sale it was understood and contemplated between the parties that the purchasers were to make application for a loan to a certain loan company for part of the consideration of the sale, and the defendant was to make a good and sufficient warranty title which would be acceptable to the loan company in order to secure the loan, all of which defendant refused to do.   The title was not good and

sufficient, and was refused by the loan company for the reason that the defendant, who was the administrator of the estate of Lula V. Hanna, under whom he holds title, had some one at the time of the administrator's sale, as a side-bidder, to bid in the property for the administrator, the defendant, which was only a scheme by which the administrator bid in the property for himself at his own sale. The administrator, admitting this, then agreed to have the land resold for the purpose of perfecting the title, and did readvertise and pretend to sell at public outcry at the second sale, the defendant again having some one to bid in the land, who took a deed to himself, and without consideration conveyed the land to the defendant; all of which was a colorable scheme between the administrator and the side-bidder in order to allow the administrator to buy at his own sale. This deed was likewise objected to, and was not good and sufficient to get the loan according to agreement; and the defendant refused and still refuses to make a good and sufficient warranty title. On the date the plaintiffs were to consummate the sale and pay the balance of the consideration for the land, "they tendered the balance of the consideration, less $50 and the loan approved, provided the deed had been made good." In the meantime the land had enhanced in value to $4250. Petitioners had gone to considerable expense and loss of time in making trips to different places, endeavoring to get the title to the land perfected, and trying to sell it. They bought the land for the purpose of getting the benefit of increasing value, and to sell and receive the profits, which was so understood and contemplated between the plaintiffs and the defendant at the time of purchase; and in accordance therewith, on or about October 15, 1913, petitioners did sell the land to one A. T. Jones at its value on that date, being the price of $4250, but, being unable to make good title thereto as agreed, they failed to consummate the sale, sustaining a loss of the profits thereon, being the difference between the agreed price between petitioners and defendant and the price at which they sold to Jones. Had the defendant complied with his agreement to perfect the title to the land, petitioners could and would have executed their contract of sale to Jones, thereby realizing profits on the enhanced value to the amount of $650, for which they sue, as well as for the $50 held by the defendant. Petitioners believe and charge that the defendant refused to perfect the

title because of the enhanced value of the land, in order that he may hold it for his own benefit.

This case is here on exceptions to the order of the court sustaining the demurrer to the petition. It alleged that there was a written contract between the plaintiffs and the defendant for the purchase of a certain tract of land in Mitchell county. $50 of the purchase-price of the tract of land was paid in cash by the vendees, and the written contract provided that the balance was to be paid on October 15, 1913. There is no allegation that the balance of the purchase-price of the land was unconditionally tendered when it was due. On the contrary, the allegation is that "they tendered the balance of the consideration, less $50 and the loan approved, provided the deed had been made good." The contract bound the defendant to convey the land to the plaintiffs by warranty deed when the purchase-price was paid. There is no allegation of a breach of the written contract by the defendant. The petitioners apparently abandon the written contract, and allege, in effect, that it was not complied with; and proceed to set out a parol contract between the parties, under which the defendant was to perfect the title to the land by having a by-bidder at an administrator's sale (the defendant being the administrator), who was to bid in the property and subsequently convey it to the defendant, it being alleged that this was a scheme on the part of the administrator to purchase at his own sale. This was all outside of the written contract, and was in effect an effort to engraft the parol agreement upon the written contract. We do not think it was competent for the vendees to attach to this written contract a parol agreement which had the effect of varying the written contract. Even if it were competent, the agreement which the petitioners seek to set up would be an unenforceable one. It has been held by this court that an agreement by an administrator to make a conveyance upon certain terms, and to have a public sale in order to consummate the previous agreement, would be contrary to public policy and unenforceable. *Brown* v. *Madden,* 141 *Ga.* 419 (6-*a*), 420 (81 S. E. 196). No attack is made on the form or execution of the contract. The petition failed to set out a cause of action, and was properly dismissed upon demurrer.

*Judgment affirmed.  All the Justices concur.*