31723. OWENSBY *v.* BYRD.

DECIDED SEPTEMBER 26, 1947.

*Aaron Kravitch,* for plaintiff. *Jenkins & Oliver,* for defendant.

SUTTON, C. J. L. G. Owensby sued Mrs. Leila Byrd in the Superior Court of Chatham County for damages for an alleged breach of contract. The petition alleged in substance that the plaintiff agreed to purchase and the defendant agreed to sell certain real and personal property for a consideration of $4500, under a certain sales contract which provided in part, "Terms: Cash, $1,000.00 at the time of execution of titles; sale made subject to obtaining a sufficient loan to consummate sale;" that under said sales agreement, the defendant bound herself to deliver said property for the sum of $1000 and to obtain a sufficient loan for the plaintiff to consummate the sale; that plaintiff paid $500 as earnest money and was willing to pay the additional $500 and to execute a deed to secure debt or other papers necessary to consummate the sale but that the defendant had failed and refused to carry out the terms of the contract and had refused to return to the plaintiff the $500 which he had paid as earnest money. Judgment was sought against the defendant for $500.

To this petition the defendant filed general and special demurrers. The plaintiff amended his petition by setting out in paragraph 1 of the amendment the name of D. M. Mathews as an additional party plaintiff, as called for by the defendant in her special demurrer; and in paragraph 2 of the amendment, the plaintiff alleged that it was understood between the parties that the loan was to be obtained by the defendant and at her expense for the plaintiffs and that, as an inducement for the execution of the contract, the defendant's agent assured the plaintiffs that the arrangements for the loan had been made and that the same would be forthcoming before the time fixed for closing the sale; that the plaintiffs had been ready and willing to close the sale but were unable to do so for the reason that the defendant did not obtain the loan for them and had breached her contract in this respect and made it impossible for the transaction to be closed.

The defendant demurred to paragraph 2 of the amendment upon the grounds that it sought to vary the terms of a written contract by parol; that it sought to introduce a new and distinct cause of action; and that it sought to change the cause of action from one based on a written contract to one resting in parol. The defendant renewed her general demurrers to the petition as amended.

The trial judge sustained the demurrers to paragraph 2 of the amendment and sustained the general demurrers to the petition as amended, and the plaintiff excepted, assigning error on said judgments.

■ The court did not err in sustaining the defendant's demurrers to the plaintiff's amendment, which sought to set up a parol agreement between the parties at variance with the plain and clear provisions of the written contract. The contract of sale was in writing and it expressly provided that the sale was made subject to obtaining a loan to consummate the sale. The plain and unambiguous language used admits of no other construction than that the plaintiff was to secure a loan to pay the defendant the balance due as the purchase-price of the property described in the contract. The effect of the amendment was to change the provisions of the contract to provide that it was the duty of the defendant to secure a loan for the plaintiff, and the amendment thus conflicted with the clear and unequivocal language of the written contract. The written contract of sale was complete and unam-

biguous and explicit as to its terms, and the judge did not err in striking on demurrer, that portion of the amendment which attempted to ingraft upon the express terms of the written contract, by parol, inconsistent terms and conditions. Code, § 38-501; *Campbell* v. *Alkahest Lyceum System,* 10 *Ga. App.* 839 (74 S. E. 443) ; *Dozier* v. *Davidson,* 138 *Ga.* 190 (2) (74 S. E. 1086) ; *Norton* v. *Fleming,* 145 *Ga.* 475 (89 S. E. 573).

The plaintiff based his right to recover upon an alleged breach of the contract by the defendant in failing to deliver the property to him for the sum of $1000 and in failing to obtain a sufficient loan for him to consummate the sale by paying to her the remainder of the purchase-price. Under the plain and unambiguous provisions of the contract, the purchase-price of the property was $4500, with $1000 to be paid at the time of the execution of the titles and the balance to be paid within 30 days by the plaintiff securing a sufficient loan to consummate the sale. The plaintiff did not secure such loan or pay or tender to the defendant the remainder of the purchase-price stipulated in the contract, and the defendant did not convey the land to the plaintiff. "Agreements are mutual and dependent where performance by one party is conditioned on and subject to performance by the other, and a party who seeks performance must show performance or a tender of readiness to perform on his part." 13 C. J. 567, § 538. In this connection, see *Pusey & Company* v. *McElveen Commission Company,* 93 *Ga.* 773, 775 (21 S. E. 150), and citations. "Where two persons entered into a written contract, in which one acknowledges the receipt of a portion of the purchase money of a described lot of land, and agrees that upon the payment of a specified sum as the balance of the purchase money by a given date he will make the other party a deed to the property, and the latter binds himself 'to comply with the above contract by date named,' these are mutual and dependent covenants." *Morris* v. *McKee,* 96 *Ga.* 611 (2) (24 S. E. 142). If the sale fails of consummation, the vendee, in order to recover in an action for breach of the contract, must allege and prove an offer of performance on his part by tender of the purchase money, unless such tender was waived. *Emery* v. *Atlanta Real Estate Exchange,* 88 *Ga.* 321, 327 (14 S. E. 556).; *Smith* v. *Tatum,* 140 *Ga.* 719 (3, a) (79 S. E. 775) ; *Norton* v. *Fleming,* supra; *Bigham* v. *Bank of Madison,* 51 *Ga. App.* 643,

648 (181 S. E. 197). The contract of sale expressly provided: "The sale is to be consummated within 30 days from this date. . ·. If the sale is not consummated due to purchaser's default, the earnest money shall be applied to agent's commission hereunder and agent shall pay the balance, if any, to the seller to be applied towards seller's damages caused by purchaser's default." Even if the allegations of the petition with reference to the plaintiff's willingness and readiness to pay the balance of the $1000 is equivalent to a tender of this amount, which is doubtful, the petition failed to allege a compliance with the plain and clear and unambiguous provisions of the contract, whereby the plaintiff agreed to pay the balance of the purchase money within 30 days, nor are there any allegations of a waiver of this requirement of the contract. Never having tendered the purchase-price of the property to the defendant, and there being no facts alleged which excused him from so doing, the plaintiff failed to allege a cause of action for breach of contract, and the judge did not err in sustaining the general demurrer to the petition, and dismissing the action.

*Judgment affirmed. Felton and Parker, JJ., concur.*