## BEALL, administratrix, *v.* FRANCIS, administratrix.

RUSSELL, C. J. 1. Even though the petition had not been verified at all until the day set for the hearing upon the application for an interlocutory injunction, it was still amendable in this respect; and the court did not err in permitting the petitioner to verify the petition by making her affidavit to the effect that the statement of facts therein contained was true.

2. The exceptions to the admission of evidence are without merit.

(*a*) The petitioner, who was the administratrix de bonis non cum testamento annexo of her mother, testified that she had made search for an alleged marriage contract executed in 1870, among all the papers of the testatrix, and was unable to find it, and that she believed it was not in existence but had been either lost or destroyed. It appearing from the record that both parties to the alleged marriage contract were dead, the court did not err in admitting, as secondary evidence of the contents of such paper, a certified copy of a record in the office of the clerk of the superior court of the county in which the maker of the instrument died. Civil Code, § 5759.

(*b*) "In order to the introduction of secondary evidence of the contents of a lost paper, it is only necessary to establish a reasonable presumption of its loss or destruction; and this presumption is held to be established, when the party shows that in a reasonable degree he has exhausted all the sources of information and means of discovery, which the nature of the case suggests, and which were accessible to him." *Harper* v. *Scott,* 12 *Ga.* 125; *Ellis* v. *Smith,* 10 *Ga.* 252; *Molyneaux* v. *Collier,* 13 *Ga.* 406; *Bryan* v. *Walton,* 14 *Ga.* 185.

3. The petition as a whole was not subject to general demurrer and consequent dismissal. The cause of action was laid in two counts; and even though it were conceded that the first count was for any reason demurrable, the second count was not subject to the alleged infirmities which the demurrer sought to attack, and of itself sufficiently set forth a good cause of action.

4. Upon conflicting evidence the discretion of the judge of the superior court in the granting of an interlocutory injunction will not be interfered with, unless there is a manifest abuse. In the present case, as the administratrix stood in the place of her intestate, it was not error for the court by the grant of an interlocutory injunction to maintain the status quo of the real estate involved until an adjudication of the rights of property therein.

---

Appeal and Error, 4 C. J. p. 803, n. 87.
Evidence, 22 C. J. p. 1050, n. 18, 19 New, 25; p. 1052, n. 27.
Injunctions, 32 C. J. p. 124, n. 88.
Pleading, 31 Cyc. p. 329, n. 61; p. 435, n. 28, 29, 33; p. 516, n. 85.

5. The interests of creditors, if any, in the estate which the administratrix of the decedent claims may be protected at the trial by appropriate intervention on their part.

*Judgment affirmed. All the Justices concur, except Atkinson and Hines, JJ., dissenting, and Hill, J., absent for providential cause.*

## No. 5248. MARCH 1, 1927.

Injunction. Before Judge Camp. Washington superior court. December 12, 1925.

*Hardwick & Adams* and *A. R. Wright,* for plaintiff in error.

*M. L. Gross* and *J. J. Harris,* contra.

HINES, J., dissenting. On the hearing of the application for injunction, the plaintiff tendered in evidence a certified copy of a marriage settlement between O. H. P. Beall and Mary L. Inman. Counsel for the defendant objected to the introduction of said instrument, on the ground that the original contained the highest and best evidence of its contents. Counsel for the defendant then and there informed the court and counsel for the plaintiff of the existence of the original and its accessibility. The only evidence touching the destruction, loss, or inaccessibility of the original instrument was contained in an affidavit of Mrs. Leslie Francis, the administratrix of Mrs. Beall. She deposed that she had made a careful search of old papers and effects of her testatrix coming into her hands, for the purpose of locating the original of said instrument, that she had been unable to locate said paper, that the same was not in her possession, that she had no knowledge of its whereabouts or of its being in existence, and that to the best of her knowledge it had been either lost or destroyed. Under this instrument Beall was created trustee for all of the property of his wife, and was to have the management and control of it during her life. Fairly construed, the testimony of Mrs. Francis was not sufficient to make admissible the certified copy of this instrument. She simply deposed that she had made a careful search of all the papers and effects of Mrs. Beall, coming into her hands, and that she had been unable to locate this document, that it was not in her possession, and that she had no knowledge of its whereabouts, or that it was still in existence. This statement was evidently based upon the search which she had made for this instrument. She then deposed that to the best of her knowledge the same had been either lost or destroyed. This conclusion is evidently based upon the above search which she had made. She made no application to the

administratrix of Beall for this paper. As he was named as the trustee of his wife under this instrument, and as it was the authority under which, according to the allegations of the petition, he managed and controlled her property, it was as probable that it was in his possession as that it was in the possession of the wife. The plaintiff did not apply to the administratrix of Beall for this instrument. She gave his administratrix no notice to produce the same. But conceding that in the absence of other proof this showing of the destruction, loss, or inaccessibility of the instrument was sufficient, without more, the court was informed of the existence of the original and its accessibility. In these circumstances, we think the trial judge erred in admitting this document. In order to admit in evidence a certified copy of a registered deed, it must be shown that the original has been destroyed, or that it was lost or inaccessible, or that due diligence has been exercised in endeavoring by proper search and inquiry to ascertain in whose custody it is. *Hayden* v. *Mitchell,* 103 *Ga.* 431 (30 S. E. 287) ; *Smith* v. *Coker,* 110 *Ga.* 650 (36 S. E. 105) ; *Holtzclaw* v. *Edmondson,* 114 *Ga.* 171 (39 S. E. 849) ; *Alaculsey Lumber Co.* v. *Flemister,* 146 *Ga.* 310, 314 (91 S. E. 104) ; Civil Code (1910), § 4212. The plaintiff's case, as made in the first count of her petition, depended entirely upon the existence of this document. It was the foundation of the case made in that count. I think that the court erred, under the proof submitted by the plaintiff, in admitting this document; and the court certainly erred in admitting it when it was informed of the existence of the original and its accessibility. For this reason I think a new trial should be granted. As the illegal admission of this document rendered the further proceedings in the court nugatory, I do not consider the other assignments of error. I place my dissent upon the illegal admission of this document upon which the case of the plaintiff rests. Mr. Justice Atkinson concurs in this dissent.