41225.   PENDLEY v. MURPHY et al.

SUBMITTED MARCH 1, 1965—DECIDED JULY 2, 1965.

34

*Leon Boling,* for plaintiff in error.

*Telford, Wayne & Greer, Joe K. Telford,* contra.

FELTON, Chief Judge. ■ The general grounds of the motion for new trial are not now ruled on for the reason that, although there was sufficient competent evidence to support the verdict, there was also for the consideration of the jury evidence admitted over the plaintiff's objection, the admission of some of which may have been, and of the other was, harmful error, as is held in our rulings on the special grounds in Divisions 2 and 3, hereinbelow.

■ The first special ground of the motion for a new trial as amended assigns as error the admission in evidence, over the plaintiff's objection, of testimony that the weight ticket showed Commerce Poulty, Inc. as the buyer.

*Code* § 38-702 provides: "If the paper shall have been lost or destroyed, proof of the fact to the court shall admit secondary evidence. The party shall be a competent witness to this point. The question of diligence is one for sound discretion of the court." While this section leaves the question of diligence to the sound discretion of the court, it has been held that, "[b]efore secondary evidence can be admitted, the party will be required to show that he has, in *good faith*, exhausted, in a *reasonable degree*, all the *sources of information and means of discovery*, which the *nature of the case suggests and which were accessible to him*." *Vaughn v. Biggers*, 6 Ga. 188 (4); *Beall v. Francis*, 163 Ga. 894 (2b) (137 SE 251), and cit.

The evidence showed that the original ticket was given to the plaintiff's husband and that the only copy thereof was retained by Commerce Poultry, Inc. The plaintiff testified that she had been served with a notice to produce the ticket in court but was unable to do so because all her old papers, etc., had been done away with, lost, destroyed or something, and she could not find it after a faithful search. Defendant Murphy testified that his company had never had a copy of the ticket; that Commerce Poultry, Inc. was then in receivership and had reopened under new management or ownership; that most of the same employees were operating the plant that had previously operated it; that he had contacted Mr. Ritchey, who had made out the original ticket, to get him to locate the original and "they" have not been able to locate it. This evidence authorized a finding of diligence in the attempt to obtain the plaintiff's ticket, but not with regard to the copy of Commerce Poultry, Inc. There was no evidence that a subpoena duces tecum had been utilized; Mr. Ritchey was asked to locate the original ticket, but not their copy; and Mr. Ritchey did not testify to his inability to locate either the original or the company's copy. The court therefore abused its discretion in admitting secondary evidence as to the contents of the ticket. The error may or may

not have been harmful, depending upon whether the testimony as to the contents of the ticket was accurate, however it must be assumed to be harmful in the absence of the document. The court erred in overruling the first special ground.

■ The second special ground assigns as error the judgment of the court admitting over objection testimony that Commerce Poultry, Inc. was in receivership at the time of the trial for the limited purpose of proving the reasons for that company's inability to locate its copy of the weight ticket. This testimony was immaterial to the issue of the defendants' liability and was prejudicial to the plaintiff in that it tended to permit and allow the jury to consider that, should the defendants be held liable, they would have no opportunity to recover against Commerce Poultry, Inc., for whom the defendants contend they, as agents, purchased the poultry, which right of recovery the defendants would have if the jury found that they had failed to disclose their principal. If this evidence was necessary and material for the limited purpose for which it was admitted, the jury should have been excused and the evidence heard by the trial judge, who is given discretion under *Code* § 38-702 to determine the question of diligence in producing documents. This special ground was therefore meritorious.

The court erred in its judgment overruling the special grounds of the motion for a new trial as amended.

*Judgment reversed. Jordan and Deen, JJ., concur.*