## 72697. JEFF GOOLSBY HOMES CORPORATION v. THOMAS et al.
### (352 SE2d 172)

BENHAM, Judge.

Appellant, a home construction company, acting *pro se* through its president, filed suit against appellees, prospective homebuyers, alleging that they breached a home construction contract and seeking damages for lost profits, expenses, interest, and costs of litigation. Appellees counterclaimed for the $500 deposit they paid appellant on the contract and for attorney fees. Appellant moved for summary judgment, which the trial court granted on the issue of appellees' lia-

bility to appellant for the breach of contract. The case was later tried by a jury, which rendered a verdict in favor of appellees and awarded them $500. Appellant filed a motion for judgment n.o.v. or, in the alternative, new trial, in response to which the trial court struck the jury's award of $500 to appellees, but denied the motion. Appellant then brought this appeal. We affirm.

1. Appellant complains in several of its enumerations that the trial court erred in rendering judgment against it, because summary judgment had been granted to it on the issue of breach of contract. We disagree. Since, contrary to the assertion in the dissent, there were additional claims by the plaintiff and a counterclaim by the defendants still pending after summary judgment was granted and the trial court did not expressly direct the entry of final judgment or expressly determine that there was no just reason for delay, the summary judgment was subject to revision before the entry of final judgment on all of the parties' claims. The trial court did not err in denying appellant's motions for judgment n.o.v. or for new trial. OCGA § 9-11-54 (b); *Edwards v. Davis*, 160 Ga. App. 122 (1) (286 SE2d 301) (1981); *Robinson v. Franwylie, Inc.*, 145 Ga. App. 507 (244 SE2d 73) (1978).

2. Appellant also claims that the trial court erred in refusing to admit into evidence a copy of the contract on which its president had made changes after the lawsuit was filed. The exclusion of the copy was not error. Although appellant's president said that he lost his original contract, an unaltered original was available to appellant from appellees according to the assertion of appellant's president at trial. Appellant's president also admitted at trial that he did not attempt to subpoena the document. Since appellant failed to exercise diligence to obtain the original, the trial court properly exercised its discretion in excluding the altered copy. OCGA § 24-5-21; *Pendley v. Murphy*, 112 Ga. App. 33 (143 SE2d 674) (1965).

3. After appellant's president presented witnesses on behalf of appellant, the trial court inquired whether he had anything else he wanted to present or whether he was ready to rest his case. Appellant's president responded that he had nothing else to present at that time but that he did not want to rest his case since he might come up with something else over the weekend. After further conversation and an assurance from the trial court that he could rest then but still submit his request to charge when court reconvened on Monday, appellant's president said that he would rest. When trial resumed the next week, appellant's president sought to reopen his case to present cost of litigation evidence, but the trial court denied his request. Appellant now contends that the trial court erred in forcing it to rest its case and refusing to reopen it. The record does not support appellant's contention, and we find no abuse of discretion in the trial court's re-

fusal to reopen the case. There is no merit in appellant's enumeration.

4. Appellant also asserts that the trial court erred in allowing appellees to submit their jury charges after trial had begun, arguing that such conduct violated Uniform Superior Court Rule 10.3. The rule states that requests to charge shall be submitted to the court by counsel for all parties at the commencement of trial, unless provided by pre-trial order. The trial court did not ask for submission of the jury charges until the close of appellant's evidence, before court recessed for the weekend. When the court made its inquiry, appellees' counsel stated that he would have to have his charge requests sent over from his office, at which point appellant complained that appellees knew the trial was scheduled for that day. The trial court allowed both parties to hold their requests to charge until court reconvened the next week. We find that appellant's objection, if it can be considered such, was not timely and did not specify the ground which he asserts on appeal. Therefore, it failed to preserve its objection on that point. *Eiberger v. West*, 165 Ga. App. 559 (1) (301 SE2d 914) (1983).

5. Appellant's Enumerations 7 and 11 through 16 cite various portions of the jury charge as being erroneously given. Appellant failed to make specific objections to those portions of the jury charge and the grounds therefor when given the opportunity to do so, thus waiving its right to raise them on appeal. We find no blatant or prejudicial error in the charge and therefore affirm the trial court. OCGA § 5-5-24; *Little v. Little*, 173 Ga. App. 116 (2) (325 SE2d 624) (1984); *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (2) (309 SE2d 816) (1983).

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, and Pope, JJ., concur. Sognier, J., concurs in the judgment only. Deen, P. J., dissents. Beasley, J., dissents in the judgment only.*

DEEN, Presiding Judge, dissenting.

The trial judge granted partial summary judgment in favor of appellant, ruling that appellees had breached the contract and that the jury would later be concerned only with the amount of damages due appellant. There was no appeal from this partial grant of summary judgment. During the trial of the case before the jury the trial court ignored the previous partial grant of summary judgment and left it up to the jury to determine whether or not there was a breach of contract, and if so, the amount of damages and whether the original deposit should be returned to the home buyers.

The majority opinion treats this case as one involving multiple parties and multiple claims. The view is adopted that the trial court did not expressly direct the entry of final judgment of expressly determining that there was no just reason for delay; therefore, the sum-

mary judgment was subject to revision before the entry of final judgment on all of the parties' claims. This case does not come under the cited code section for two reasons. First, there is only one plaintiff, and the defendants are husband and wife. In reality, the husband and wife have identical interests; therefore, true multiple parties do not exist in this case. Second, the plaintiff seeks damages in three ways: (1) lost profits (less the $500 deposit); (2) legal interest on that amount per day until recovery; and (3) damages from the wrongful breach of contract and stubborn litigiousness of the defendant. Defendant sought recovery of the $500 deposit. The trial judge treated everything on summary judgment as being one claim with regard to breach of contract and entered partial summary judgment in favor of plaintiff, with the jury to determine the amount of damages later.

In summary, this is not a case involving multiple parties or multiple claims, which would be governed by OCGA § 9-11-54 (b). Since the partial grant of summary judgment was not appealed and the stated code section does not apply, we must reverse and remand so that there may be a trial in accordance with the original grant of summary judgment.

DECIDED OCTOBER 28, 1986 —
REHEARING DENIED DECEMBER 18, 1986 — ■

Jeff Goolsby, *pro se.*
Willie J. Thomas, *pro se.*
Brenda B. Thomas, *pro se.*