73433. SPENCE v. HILLIARD et al.
(353 SE2d 634)

McMURRAY, Presiding Judge.

This is a legal malpractice action in which plaintiff was represented by defendants in a previous lawsuit. Plaintiff, a landlord, was sued by his tenant. He engaged defendants to defend the tenant's suit and to pursue a counterclaim against the tenant. The counterclaim was compulsory in nature.

Defendants answered the tenant's lawsuit and they successfully defended it. Defendants did not, however, assert a counterclaim against the tenant. (Instead, defendant filed a claim against the tenant in a separate action. Of course, that claim failed because it should have been raised via counterclaim. OCGA § 9-11-13 (a).)

In this malpractice action, plaintiff contends that as a result of defendants' negligence he was damaged to the tune of $59,273.68. The trial court took issue with plaintiff's contention. In the court's view,

plaintiff failed to prove that he suffered damages. It took the position that plaintiff failed to demonstrate the amount of damages he was entitled to recover against the tenant and that, moreover, plaintiff failed to demonstrate that a judgment against the tenant was collectible. Accordingly, the trial court directed a verdict in favor of defendants and plaintiff appeals. *Held*:

Assuming, arguendo, there was a fatal failure of proof with regard to actual damages, we must nevertheless reverse the judgment of the trial court. Nominal damages are recoverable in a legal malpractice action provided plaintiff carries the burden of proving that he was wronged. *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806 (273 SE2d 16); *Kirby v. Chester*, 174 Ga. App. 881, 882 (1) (331 SE2d 915). Thus, plaintiff was entitled to submit the issue of nominal damages to the jury whether or not actual damages were proven. *Bradley v. Godwin*, 152 Ga. App. 782, 784 (3) (264 SE2d 262); *Avery v. K. I., Ltd.*, 158 Ga. App. 640 (281 SE2d 366). See also *Miller & Meier & Assoc. v. Diedrich*, 174 Ga. App. 249, 254 (329 SE2d 918), rev'd in part on other grounds, *Diedrich v. Miller & Meier & Assoc.*, 254 Ga. 734 (334 SE2d 308); *Tilley v. Page*, 181 Ga. App. 98 (351 SE2d 464). It follows that it was error for the trial court to direct a verdict against plaintiff. *Bradley v. Godwin*, 152 Ga. App. 782, 784, supra; *Cole v. Klassic Kuts & Kurls*, 169 Ga. App. 54 (311 SE2d 847). See also *Daughtrey v. C & D Sportswear*, 239 Ga. 482 (238 SE2d 37).

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED FEBRUARY 12, 1987.

*Tony Center*, for appellant.
*Bruce H. Beerman, Charles E. Buker III*, for appellees.