75500, 75501. JONES v. PADGETT; and vice versa.
(367 SE2d 88)

CARLEY, Judge.

Alleging a malicious interference with his business, Carlton Padgett brought suit against Mr. and Mrs. William Jones d/b/a Jones Painting. The case was tried before a jury and a verdict in Padgett's favor against both Mr. and Mrs. Jones was returned. Judgment was entered on the verdict. As to Mrs. Jones, however, the trial court subsequently granted judgment n.o.v. As to Mr. Jones, the trial court de-

nied his motion for judgment n.o.v. or, in the alternative, for new trial. In Case No. 75500, appellant-defendant Mr. Jones appeals from the judgment entered on the verdict in favor of appellee-plaintiff Padgett. In Case No. 75501, appellant-plaintiff Padgett appeals from the grant of judgment n.o.v. in favor of appellee-defendant Mrs. Jones. The two appeals are hereby consolidated for disposition in this single opinion.

### Case No. 75501

1. We turn first to appellant-plaintiff Padgett's appeal from the grant of judgment n.o.v. in favor of appellee-defendant Mrs. Jones. The trial court granted judgment n.o.v. on the ground that appellant had produced no evidence that appellee had committed any tortious act of her own or that she was vicariously liable for any tortious act committed by her husband. Appellant enumerates this ruling as erroneous.

" '[I]n giving consideration to a motion for judgment notwithstanding the verdict . . . [t]he question for determination is whether or not the evidence demands a verdict for movant [cits.], and if there is no evidence to support the verdict returned, denial of the motion is error. [Cit.]' [Cit.]" *City of Atlanta v. West*, 160 Ga. App. 609, 611 (2) (287 SE2d 558) (1981). Our review of the record reveals that there was no evidence produced at trial upon which the jury was authorized to return its verdict against appellee. Accordingly, the trial court did not err in granting her motion for judgment n.o.v.

2. Appellant further enumerates as error the trial court's denial of his motion for an award of attorney's fees under OCGA § 9-15-14.

OCGA § 5-6-35 (a) (10) provides that "[a]ppeals from awards of attorney's fees or expenses of litigation under Code Section 9-15-14" are discretionary appeals which must be brought pursuant to OCGA § 5-6-35. The "awards" which are made discretionary pursuant to OCGA § 5-6-35 (a) (10) are not otherwise limited by an amount of recovery and, therefore, an award which denies attorney's fees and expenses of litigation to a movant pursuant to OCGA § 9-15-14 is as much discretionary as an award which grants such relief to the movant. Compare *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986), holding that the provision of OCGA § 5-6-35 (a) (6) which renders discretionary only those "[a]ppeals in all actions for damages in which the judgment is $2,500 or less" applies only to actions in which there is a money judgment "of one cent through $2,500." Accordingly, appellant's appeal from the order denying attorney's fees and expenses of litigation must be dismissed for failure to comply with the requirements of OCGA § 5-6-35. See generally *Martin v. Outz*, 257 Ga. 211 (357 SE2d 91) (1987).

*Case No. 75500*

3. Appellant-defendant Mr. Jones enumerates as error the denial of his motion for new trial on the general grounds.

"This state recognizes a cause of action where one maliciously and wrongfully, and with intent to injure, harms the business of another. [Cit.] 'The act is malicious when the thing done is with the knowledge of the plaintiff's rights, and with the intent to interfere therewith.' [Cit.] 'The essential thing is the intent to cause the result. If the actor does not have this intent, his conduct does not subject him to liability under this rule even if it has the unintended effect of deterring the third person from dealing with the other.' [Cit.]" *Bodge v. Salesworld, Inc.*, 154 Ga. App. 65, 66 (267 SE2d 505) (1980). See also *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 272 (2) (329 SE2d 900) (1985). The evidence which appellee produced at trial did not demand a verdict against appellant. It was, however, sufficient to authorize the jury to find in favor of appellee as to each element of the tort of malicious interference with his business. Therefore, this enumeration is without merit.

4. Asserting that the award of nominal damages returned by the jury was excessive, appellant enumerates as error the entry of judgment on that award.

" 'A recovery may be classified as coming under the definition of nominal damages where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent.' [Cit.] In such a case the jury's prerogative of fixing the amount of recovery of damages termed nominal will not be disturbed on appeal, except in extreme cases. [Cits.]" *Ponce De Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 190 (3) (232 SE2d 62) (1977). "[I]n Georgia, the term 'nominal damages' is 'purely relative, and carries with it no suggestion of certainty as to amount. . . .' [Cit.] Instead of being restricted to a very small amount, the sum awarded as nominal damages may, according to circumstances, 'vary almost indefinitely.' [Cit.]" *First Fed. Savings &c. Assn. of Atlanta v. White*, 168 Ga. App. 516, 517 (3) (309 SE2d 858) (1983). Having reviewed the evidence produced at trial, we cannot find that the nominal damages which were awarded by the jury are excessive as a matter of law. Accordingly, this enumeration is without merit.

5. Appellant further enumerates as error the trial court's entry of judgment on the jury's award of punitive damages. The contention is that this award is without sufficient evidentiary support.

" 'To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the

presumption of a conscious indifference to consequences.' [Cits.]" *Ponce De Leon Condominiums v. DiGirolamo*, supra at 189 (1). The evidence produced at trial was sufficient to authorize an award of punitive damages against appellant.

6. During its case-in-chief, appellee called appellant as a witness for the purpose of cross-examination and, thereafter, undertook to impeach him. The trial court's ruling that it was permissible to impeach appellant is enumerated as error.

OCGA § 24-9-81 provides, in pertinent part: "[I]n the trial of all civil cases, either plaintiff or defendant shall be permitted to make the opposite party . . . a witness, with the privilege of subjecting such witness to a thorough and sifting examination and with the further privilege of impeachment, as if the witness had testified in his own behalf and were being cross-examined." The trial court did not err in permitting appellee to follow this procedure. While the authorized methods of impeaching witnesses are controlled by statute, once a witness is subject to impeachment, any of the statutorily sanctioned methods may be employed. See generally *Krasner v. Lester*, 130 Ga. App. 234 (1) (202 SE2d 693) (1973). This enumeration is without merit.

7. The trial court's denial of two of appellant's motions for mistrial is enumerated as error.

" 'The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. [Cits.] Unless it is apparent that a mistrial is essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with.' [Cit.]" *Firestone Tire &c. Co. v. King*, 145 Ga. App. 840, 843 (2) (244 SE2d 905) (1978). See also *Sepulvado v. Daniels Lincoln-Mercury*, 170 Ga. App. 109, 112 (6) (316 SE2d 554) (1984). Our review of the record reveals no abuse of discretion by the trial court in denying either of appellant's motions for mistrial. Accordingly, these enumerations are without merit.

8. The jury instructions which were given by the trial court as to character evidence are enumerated as error. "Appellant failed to make specific [objection] to [this portion] of the jury charge and the grounds therefor when given the opportunity to do so, thus waiving [his] right to raise [it] on appeal. We find no blatant or prejudicial error in the charge and therefore affirm the trial court. [Cits.]" *Jeff Goolsby Homes Corp. v. Thomas*, 181 Ga. App. 308, 310 (5) (352 SE2d 172) (1986). See also *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 543 (2) (309 SE2d 816) (1983). This enumeration is without merit.

*Judgment in Case No. 75500 affirmed. Judgment in Case No. 75501 affirmed as to the grant of judgment n.o.v. in favor of appellee*

*and appeal dismissed as to the denial of appellant's motion for attorney's fees and expenses of litigation pursuant to OCGA § 9-15-14. Banke, P. J., and Benham, J., concur.*

DECIDED MARCH 3, 1988 —
REHEARING DENIED MARCH 15, 1988.

*William F. Braziel, Jr., Robert P. Phillips III,* for appellants.
*Alton D. Kitchings,* for appellee.

