A96A1435. PEACOCK v. BEALL.

(477 SE2d 883)

McMURRAY, Presiding Judge.

Albert R. Peacock, Jr. asserted breach of contract and fraud claims against attorney John A. Beall IV, alleging attorney Beall duped him into paying $1,000 for evaluating "a civil lawsuit" by promising " 'to go to Court' " for Peacock on the matter for an additional $1,500. Peacock alleged that attorney Beall breached this contract a week after it was executed by increasing the additional payment for the promised representation to $5,000. Attorney Beall later moved to dismiss this action because of Peacock's failure to attach an expert's affidavit to the complaint as required by OCGA § 9-11-9.1. The superior court agreed and dismissed the complaint in its entirety. This appeal followed. *Held:*

The affidavit requirements of OCGA § 9-11-9.1 "are limited to those claims 'for professional malpractice by negligent act or omission, sounding in tort or by breach of contract for failure to perform professional services in accordance with the professional obligation of care.' *Barr v. Johnson,* [189 Ga. App. 136, 137 (375 SE2d 51). . . . This does not mean, however, that] every claim which calls into question the conduct of one who happens to be a lawyer is a professional malpractice claim requiring expert testimony or an OCGA § 9-11-9.1 affidavit. It is only where the claim is based upon the failure of the professional to meet the requisite standards of the subject profession that the necessity to establish such standards and the violation thereof by expert testimony for the guidance of the jury arises. *Candler General Hosp. v. McNorrill,* 182 Ga. App. 107 (354 SE2d 872) (1987)." (Emphasis omitted.) *Hodge v. Jennings Mill, Ltd.,* 215 Ga. App. 507, 508 (451 SE2d 66).

The complaint in the case sub judice does not appear to call into question professional standards of care applicable to attorneys. On the contrary, the complaint raises questions relating to the existence of a legal services contract between Peacock and attorney Beall, whether attorney Beall breached the terms of any such contract, and whether attorney Beall duped Peacock into purchasing $1,000 worth of advice in exchange for a false promise to represent Peacock in a future action for $1,500. Accordingly, since the allegations in the complaint are subject to a construction which could support Peacock's fraud and breach of contract claims, the trial court erred in dismissing the complaint for noncompliance with OCGA § 9-11-9.1. See *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, supra. See also *Wehunt v. ITT Business &c. Corp.*, 183 Ga. App. 560, 561 (2) (359 SE2d 383).

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 5, 1996.

*Boone, Papadakis & Levine, James J. Gormley III*, for appellant. *Michael R. Hauptman*, for appellee.