## A98A1032. McMANN v. MOCKLER.
(503 SE2d 894)

BEASLEY, Judge.

Sandra McMann filed this legal malpractice case against Dominic Mockler, alleging that he failed to file an appeal from a denial of her workers' compensation claim. The court granted

280

Mockler's motion for summary judgment.

1. In her first enumeration, McMann asserts three bases of error: the "trial court erred in determining that (a) the claims alleging malpractice were defeated because McMann could not show that she would have been unsuccessful in an appeal; (b) that the appeal would have been unsuccessful to the Appellate Division of the State Board of Workers' Compensation; and (c) that McMann failed to demonstrate any harm arising from the malpractice." All three bases challenge the trial court's finding that plaintiff failed to demonstrate any harm arising from defendant's malpractice.

"A professional malpractice action is merely a professional negligence action. To state a cause of action for negligence in Georgia, the following elements are essential: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty. In particular, this court has held that in a suit for legal malpractice, proof that the attorney's negligence proximately caused the client's harm is necessary for recovery." (Citations and punctuation omitted.) *Whitehead v. Cuffie*, 185 Ga. App. 351, 352 (364 SE2d 87) (1987); see also OCGA § 51-1-8. Faced with such a claim, a defendant is entitled to favorable resolution summarily if he can show that the record reveals "that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); OCGA § 9-11-56.

For the purpose of ruling on Mockler's motion for summary judgment, the trial court assumed that McMann had hired Mockler to represent her; that Mockler had in fact promised to file an appeal of McMann's adverse workers' compensation award; that Mockler missed the filing deadline for the appeal; and that Mockler's omission breached the standard of professional conduct owed to his client. McMann's expert affidavit supported the conclusion that Mockler breached his duty to McMann.

The element of causation was the Achilles' heel. "In the context of a legal malpractice case in which the negligence alleged is the failure of an attorney to [file] an appeal, proximate cause may be established by showing that the appellate court would have reversed and that[,] upon remand to the lower court[,] the client would have obtained a more favorable result. A determination of whether an appeal to this court would have been successful is a question of law, and hence, proper for summary adjudication." (Citations and punctuation omitted.) *Jaraysi v. Soloway*, 215 Ga. App. 531, 532 (451 SE2d

521) (1994).

It was undisputed that McMann failed to include a transcript or record of the underlying workers' compensation case, so the trial court had to assume that the findings of the administrative law judge were supported by the record. See OCGA § 34-9-103 (a); *Harrell v. City of Albany Police Dept.*, 219 Ga. App. 810 (466 SE2d 682) (1996) (standard on appeal). That being the posture of the case, the court correctly ruled that McMann failed to present any evidence of harm arising from the alleged professional malpractice, i.e., that the denial of McMann's workers' compensation claim would have been reversed on appeal but for Mockler's oversight. Accordingly, the court was authorized to grant Mockler's motion for summary judgment. Failure to file an appeal which would be unsuccessful on the merits or frivolous would not harm the losing litigant but instead would save the litigant time, money, and anguish.

2. Citing *Spence v. Hilliard*, 181 Ga. App. 767, 768 (353 SE2d 634) (1987), McMann asserts that she is entitled nevertheless to survive summary judgment on the thread of nominal damages, even if she can present no evidence of actual damages resulting from defendant's oversight.

The validity of summary judgment on the malpractice claim is resolved by the conclusion that, as a matter of law, plaintiff failed to present any evidence that she suffered harm as a result of her attorney's failure to appeal from the decision of the administrative law judge. This hole in the presentation of her malpractice case ended it, as recognized by the trial court.

The issue of damages, i.e., monetary compensation for harm, is therefore moot. The trial court did not address that issue, and neither do we, as pronouncements concerning it would not be controlling authority and would not be binding precedent. *Flournoy v. State*, 266 Ga. 618, 619 (2) (469 SE2d 195) (1996); *White v. State*, 213 Ga. App. 429, 430 (1) (445 SE2d 309) (1994).

3. In her remaining enumeration, McMann contends that the court erred in granting summary judgment on her amended complaint, which alleged damages arising from a breach of contract for legal services, breach of the implied duty of good faith and fair dealing, breach of fiduciary duty, and fraud. The court ruled that the claims were "mere duplications of the legal malpractice claim which itself is based on the establishment of a fiduciary, attorney-client relationship that is breached."

As to plaintiff's purported fraud claim, defendant's motion for summary judgment was filed before plaintiff added this and other causes of action to her malpractice claim. So defendant did not address it. Neither did the trial court. By not obtaining a ruling on the survivability of the fraud claim past the motion for summary

judgment, plaintiff did not preserve this issue for appellate review. *In the Interest of C. T.*, 197 Ga. App. 300 (1) (398 SE2d 286) (1990). Whether she recognized this or simply abandoned the fraud cause of action along the way, she did not include it in her second enumeration of error. These missteps preclude its proper presentation to this Court for resolution. *Goins v. Tucker*, 227 Ga. App. 524, 529 (489 SE2d 857) (1997) ("matters not enumerated as error may not be considered on appeal").

Moreover, the element of resulting injury, a necessary ingredient of a fraud claim, is absent from the amended complaint. See *Little v. Fleet Finance*, 224 Ga. App. 498, 500 (1) (481 SE2d 552) (1997).

As to breach of contract, for the purposes of this opinion there is no dispute that McMann and Mockler entered into an oral contract in which Mockler agreed to provide professional legal services for a fee. This bound Mockler to abide by standards of professional conduct. Cf. *Peacock v. Beall*, 223 Ga. App. 465, 466 (477 SE2d 883) (1996) (complaint was for breach of contract, not legal malpractice, because existence of attorney-client contract was the subject of dispute). Although McMann frames the contract as one in which Mockler expressly promised to file an appeal from her denial of workers' compensation benefits, there is no evidence that the appeal could have been successful. As such, there can be no action for breach of contract based only on the failure to file an appeal per se.

The law does not require an attorney to appeal every case which a client loses. It is only when the client engages the attorney to do so that a duty arises. The duty is a contractual one, and the failure to properly fulfill that duty is both a breach of the agreement to do so and a deficiency in the performance of professional standards of conduct. The tort of professional negligence, or malpractice, arises from the relationship (attorney and client) created by contract. As stated in *Plumlee v. Davis*, 221 Ga. App. 848, 851-852 (2) (473 SE2d 510) (1996), "A cause of action against an attorney sounding in contract arises from the breach of a legal duty imposed by the contract of employment. . . . The tort cause of action for legal malpractice arises because the law imposes upon attorneys a duty to act with a certain degree of skill in performing their contractual duties to their clients." See also *Hamilton v. Powell, Goldstein &c.*, 167 Ga. App. 411, 412-415 (1) (306 SE2d 340) (1983), aff'd, 252 Ga. 149 (311 SE2d 818) (1984).

Accordingly, the trial court correctly concluded that McMann's claims for breach of contract, breach of implied duty of good faith and fair dealing, and breach of fiduciary duty were merely duplications of her malpractice complaint.

*Judgment affirmed. Andrews, C. J., Pope, P. J., Johnson, P. J., Smith and Ruffin, JJ., concur. McMurray, P. J., Blackburn, Eldridge,*

*JJ., and Senior Appellate Judge Harold R. Banke concur specially.*

ELDRIDGE, Judge, concurring specially.

While I agree with the majority in its opinion, I do not agree with that portion of Division 2 that states: "[t]he issue of damages, i.e., monetary compensation for harm, is therefore moot." Plaintiff contended that even though she had produced no evidence, from the occurrence of the malpractice alone nominal damages were to be inferred as a matter of law; thus, on summary judgment, she had no duty to produce actual evidence of such damages. See *Spence v. Hilliard*, 181 Ga. App. 767, 768 (353 SE2d 634) (1987). Under the majority's analysis, the issue can never be reached by this Court, because the issue can only arise when there is not evidence, only an inference of nominal damages. It was to clarify this issue of inference of nominal damages that the case was circulated whole court. I contend that for this reason the issue was not moot, and the Court should answer this issue.

*Spence* dealt with a legal malpractice case that sought special damages arising from the failure to file a compulsory counterclaim. The trial court in granting summary judgment in that case ruled that the evidence showed that the plaintiff was unable to prove the *amount* of actual or special damages or that such damages were *collectible*. This Court reversed, stating: "there was a fatal failure of proof with regard to actual damages. . . . Nominal damages are recoverable in a legal malpractice action provided plaintiff carries the burden of proving that he was wronged." Id. at 768. Such holding should be limited to the facts of *Spence*, i.e., that nominal damages are authorized "where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent." (Punctuation omitted.) *Jones v. Padgett*, 186 Ga. App. 362, 364 (4) (367 SE2d 88) (1988); see also *Ponce de Leon Condos. v. DiGirolamo*, 238 Ga. 188, 190 (232 SE2d 62) (1977); *MTW Investment Co. v. Alcovy Properties*, 228 Ga. App. 206 (491 SE2d 460) (1997).

"It stands to reason that if there is no harm resulting from the breach of duty [in a legal malpractice case], then no cause of action exists to be the subject of a lawsuit." *Whitehead v. Cuffie*, 185 Ga. App. 351, 352-353 (364 SE2d 87) (1987).

Plaintiff must tender some evidence on summary judgment raising the issue of nominal damages other than evidence of the wrongful conduct alone or suffer a judgment against her.

I am authorized to state that Presiding Judge McMurray, Judge Blackburn, and Senior Appellate Judge Harold R. Banke join in this special concurrence.

DECIDED JULY 6, 1998.

*John A. Roberts*, for appellant.
*Dominic Mockler*, pro se.