**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2005
_____

JESSICA BAPTISTE,
                    Appellant

v.

LEE J. ROHN

___

On Appeal from the District Court
of the Virgin Islands
(D.V.I. No. 1-13-cv-00104)
District Judge:  The Honorable Wilma Lewis
_____

Argued: May 4, 2017

Before:  GREENAWAY, JR., SHWARTZ, and FUENTES, *Circuit Judges*

(Opinion Filed: June 5, 2017)
_____

Andrew C. Simpson     [Argued]
Andrew C. Simpson Law Offices
2191 Church Street, Suite 5
Christiansted, VI 00820
        *Counsel for Appellant*

Rhea R. Lawrence   [Argued]
Lee J. Rohn
Lee J. Rohn & Associates
1101 King Street
Christiansted, VI 00820
        *Counsel for Appellee*

———————————

OPINION[*]
———————————

FUENTES, *Circuit Judge*.

The plaintiff-appellant, Jessica Baptiste, brought a civil legal malpractice lawsuit against her former lawyer, defendant-appellee Lee Rohn, claiming that Rohn was negligent when she failed to file Baptiste's personal injury case within the statutory time period. Her case went to trial before a jury, where Baptiste carried the burden of demonstrating that she would have prevailed in the underlying personal injury case had Rohn filed it in time. The jury found that Baptiste would not have succeeded in the underlying case, and that Rohn, therefore, was not liable for malpractice.

On appeal, Baptiste argues that the District Court erred in requiring her to bear the burden of proof on success in the underlying case. Instead, Baptiste proposes that liability should be proven in one of two ways. The court could shift the burden to the defendant-attorney to prove that the underlying case would *not* have succeeded even if she had not been negligent. Or, in the alternative, the court could permit the plaintiff to prove her case by showing that the defendant-attorney's negligence caused a loss in the value of the case. Because Baptiste could not have succeeded on her malpractice claim even if the District Court had adopted either of her proposed methods of establishing civil malpractice liability, we will affirm.

**I.**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In August 2000, while Baptiste was working as an employee for a contractor, Jacobs IMC, at the Hovensa refinery in St. Croix, she slipped on the last step of a bus ferrying her to work and injured herself. She alleges that she suffered long-term injuries as a result of the fall but continued to work for Jacobs at Hovensa. She waited a year and a half before she retained attorney Rohn in February 2002 to represent her in her tort case against Hovensa. At the time of her consultation, five months remained on the statute of limitation.

Instead of filing a complaint immediately, however, Rohn filed the complaint in the Superior Court of the Virgin Islands on August 8, 2002, one day after the statute of limitation ran. As a result, Baptiste's case was dismissed before any discovery could take place. Rohn appealed the dismissal to the Appellate Division, and, while the appeal was pending, she sent Hovensa a settlement demand letter seeking $1.5 million. Hovensa did not respond to that demand. The appeal was eventually denied, but Rohn did not inform Baptiste of this denial until 2012, at which point Baptiste brought her legal malpractice suit against Rohn in the District Court.

Baptiste's malpractice suit against Rohn went to trial in 2016. The District Court adopted the "trial-within-a-trial" approach to prove liability in the malpractice case. Under this approach, in order to establish that Rohn's negligence caused her damages, Baptiste would have to "try" her underlying case before the jury and bear the burden to prove that she would have succeeded in the underlying case had it not been dismissed for untimeliness. During the pre-trial conference, Baptiste argued to the District Court that the trial-within-a-trial approach was inappropriate and urged it to adopt instead one of

3

two alternative approaches. Baptiste argued that she should be permitted to either establish liability by showing that Rohn's negligence impaired the value of her case, or be permitted to shift the burden of proof to Rohn to prove that Baptiste's case would not have succeeded. The District Court rejected both of these approaches. The District Court also rejected Baptiste's attempt to introduce Rohn's $1.5 million settlement demand letter into evidence. Ultimately, Baptiste lost the jury verdict because she could not meet her burden of showing that she would have succeeded in the underlying case. The malpractice question never reached the jury.

Pending before the Court is the plaintiff's appeal of the District Court's exclusion of the settlement demand letter and its adoption of the trial-within-a-trial approach to prove legal malpractice.[1]

## II.

On appeal, Baptiste is seeking reconsideration of two rulings made by the District Court during the pre-trial conference. First, Baptiste argues that the District Court erred in excluding the settlement demand letter Rohn sent to Hovensa refinery under Federal Rules of Evidence 403 and 408. Second, Baptiste challenges the District Court's decision to utilize the trial-within-a-trial method to demonstrate liability in this case.

---

[1] The District Court had jurisdiction over this case under 28 U.S.C. § 1332. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We exercise *de novo* review of the District Court's interpretation of Virgin Islands law on legal civil malpractice. *Koppers Co. v. Aetna Casualty & Surety Co.*, 98 F.3d 1440, 1445 (3d Cir. 1996). We review the exclusion of evidence for abuse of discretion, but where that ruling is based on an interpretation of the Federal Rules of Evidence, our review becomes plenary. *United States v. Georgiou*, 777 F.3d 125, 143 (3d Cir. 2015).

Instead, Baptiste requests that we either adopt one of the two approaches she outlines or certify the question to the Virgin Islands Supreme Court.

We will first consider the exclusion of the settlement demand letter. Baptiste sought to introduce this demand letter in her suit to demonstrate "the loss in value of her claim due to Rohn's negligence" because it shows that "even after the case was dismissed (*e.g.* at a time when the validity of the claim was not at issue), Rohn felt that the case had significant value."[2] Rohn, during the pre-trial stage, filed a motion *in limine* to exclude the letter under Rules 403 and 408. The District Court granted the motion, finding that the letter was excludable under either rule. We will affirm the exclusion under Rule 403.[3]

Under the Federal Rule of Evidence 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The District Court here found that "any probative value of the letter is substantially outweighed by the potential prejudice to Defendant and the danger of misleading the jury as to the value and

[2] Appellant's Br. at 30.
[3] Rule 408 prohibits the use of settlement demand letters "on behalf of any party either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. Rule 408 is typically applied to exclude statements made in the efforts to settle a claim in the trial involving that same claim. Whether Rule 408 may be applied in cases like this—to exclude settlement evidence between Baptiste and Hovensa in Baptiste's legal malpractice suit against Baptiste's own lawyer—is an issue of first impression in this circuit. We do not need to address that issue today, however, because we may affirm the exclusion under Rule 403.

legitimacy of Plaintiff's claim against Hovensa."[4]  Baptiste's challenge to this ruling is procedural in nature.  She argues that the District Court erred in failing to "identify the nature of the 'potential prejudice' to Rohn or conclude that such prejudice was 'unfair'; . . . [or] consider the use of a limiting instruction that would have made it clear that the letter was admitted to show that Baptiste's malpractice claim had value or to show bias."[5]

As we have previously held, we will not disturb a district court's Rule 403 explicit balancing analysis unless "it is irrational or arbitrary."[6]  Though it would be edifying for the parties, we have held that district courts need not elaborate on their analysis to be entitled to our deferential review.[7]  Here, the District Court clearly performed an explicit balancing analysis, which is neither irrational nor arbitrary.  We agree that the unanswered settlement demand letter has little probative value.  We also agree that what little probative value exists was substantially outweighed by both the potential prejudice and confusion it may cause jurors, who would have been presented with a number "valuing" Baptiste's tort claim against Hovensa, but which number did not

---

[4] Appx 27.

[5] Appellant's Br. at 33.

[6] *Ansell v. Green Acres Contr. Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (quotation marks omitted).

[7] *See, e.g., id.* (even where the district court "fails to explicitly articulate the Rule 403 balancing," we could still decide that it "implicitly performed the required balance" and review that decision for abuse of discretion); *Glass v. Phila. Elec. Co.*, 34 F.3d 188, 192 (3d Cir. 1994) (noting that "the trial court's failure to expressly articulate a Rule 403 balance when faced with a Rule 403 objection, would not be reversible error *per se*," and that the district court in that case would be entitled to abuse of discretion review even where the district court did not explain its balancing analysis at all and merely said "Let's not relitigate the Eddystone matter. . . . I'll sustain the objection").

appear to be based on any real damages calculation. Consequently, we will affirm the District Court's decision to exclude the letter.

Second, we turn to Baptiste's argument that the District Court erred in adopting the so-called trial-within-a-trial method, which requires Baptiste to prove that she would have succeeded in her underlying case against Hovensa in order to demonstrate liability in the malpractice case. Baptiste advocates for two alternative approaches: (1) the burden should have been shifted to Rohn to prove that the underlying tort case against Hovensa would have failed; or (2) Baptiste should have been permitted to prove her case by demonstrating merely a loss in the value of a case. Without determining how the Virgin Islands should require plaintiffs to prove liability in civil legal malpractice tort cases based in tort, we will affirm the jury's verdict in favor of Rohn because Baptiste would have failed to prove her case as a matter of law even if her alternative approaches were adopted.[8]

Even if the District Court had adopted the first approach and shifted the burden to Rohn to prove lack of success in the underlying case, Baptiste would still have lost. Testimony at trial revealed that though Hovensa was the legal owner of the bus on which Baptiste slipped in August 2000, Hovensa did not have control over it.[9] Hovensa had

---

[8] Baptiste also requested that we certify this question to the Virgin Islands Supreme Court. Both under our own Local Appellate Rule 110.1 and the Virgin Islands Supreme Court Rule 38(a), we may certify a question to the Virgin Islands Supreme Court only if the question is outcome determinative. Because we find, for the reasons below, that Baptiste could not prevail regardless of which liability approach the District Court adopted, we will also deny her request to certify the question.

[9] *See* Appx 654-59 (testimony by bus driver that he worked for Jacobs IMC, not Hovensa, and that Jacobs maintained the bus, and made the decision to change the last

leased the bus to Jacobs IMC, Baptiste's employer at the time, and transferred all maintenance duties to Jacobs. In other words, Hovensa could not have "negligently maintained the bus which caused Plaintiff Baptiste's injury and her resulting damages," as she alleged.[10]

Baptiste's second suggested approach likewise fails for lack of evidence. Baptiste argues that she should have been permitted to demonstrate liability by proving a loss of value in the case, divorced from underlying success on the merits. Baptiste, however, had no evidence tending to show what the "value" of the case might have been had Rohn filed the complaint in time, and, thus, no way of proving to the jury any reduction in value. Baptiste was barred from using the settlement demand letter as proof of value, and she did not have an expert who could have testified to the same. The only damages evidence she presented was her own testimony regarding the pain she suffered and the handful of days she was out of work due to her injury. But even this kernel of damages evidence is insufficient by itself. The main assumption of a loss-of-value theory is that there is some value to Baptiste's claim against Hovensa even if it might not have succeeded on the merits. In other words, the "value" of the case is something related to but different from Baptiste's actual damages. Therefore, Baptiste would need to present some additional evidence showing the relationship between her actual losses and the potential settlement value of her claim, which she has not done.

---

step of the bus to plywood after discovering that the original metal step had rotted); Appx 684-85 (testimony by Hovensa's former counsel that Hovensa owned the buses but leased them to contractors, such as Jacobs, and that the contractors were responsible for the maintenance of the buses during the pendency of the leases).

[10] Appx 978.

During argument, Baptiste pivoted slightly to argue that she need not present evidence of actual damages because the loss of the right to sue itself is an injury for which she should have received nominal damages. This argument is equally meritless. Nominal damages are typically reserved to "vindicate[] deprivations of certain 'absolute' rights that are not shown to have caused actual injury,"[11] such as the right to procedural due process and the right to be free from unlawful arrests, searches, and seizures, and from racial discrimination.[12] In the context of legal malpractice suits, "[t]he prevailing, and more reasonable view, is that an actual, measurable injury is essential to a cause of action, and that a plaintiff is not entitled to nominal damages."[13] In fact, only one state appears to permit the recovery of nominal damages.[14]

Baptiste supports her assertion that nominal damages are available by relying solely on an inapposite Virgin Islands Supreme Court case, *Arlington Funding Services, Inc. v. Geigel*, which explained, in the context of standing doctrine, that "[it] is a long standing principle of tort law that loss of the right to sue represents an injury in and of

---

[11] *Carey v. Piphus*, 435 U.S. 247, 266 (1978) (holding that students who have demonstrated that their procedural due process rights were violated may recover nominal damages not to exceed $1 because "the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed").

[12] *Id.* at 264 n.22.

[13] 3 Ronald E. Mallen, *Legal Malpractice* § 21:5, Westlaw (database updated January 2017); *see also* 7A C.J.S. *Attorney & Client* § 366; Christopher C. Haug, *The Law of Damages in a Legal Malpractice Action*, 24 J. Legal Prof. 433, 433-34 (2000).

[14] *Spence v. Hilliard*, 353 S.E.2d 634, 634 (Ga. 1987).

itself."[15]  But the mere fact that a plaintiff has suffered an injury such that she has standing to bring suit does not mean that she has suffered an injury for which she must be compensated, regardless of actual loss.  Consequently, we find that Baptiste has not demonstrated that she could have prevailed under the loss-of-value theory

### III.

For the foregoing reasons, we will affirm the jury verdict in favor of Rohn.

---

[15] 51 V.I. 118, 126 (2009), *overruled in part on other grounds by Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558 (2012).