### 32063. LLOYD v. NORMAN et al.

DECIDED JULY 13, 1948. REHEARING DENIED JULY 29, 1948.

*Jackson & Garner,* for plaintiff in error.

*Grant, Wiggins, Grizzard & Smith,* contra.

PER CURIAM. The original motion for a new trial, and the first three grounds of the amended motion are general, and raise only the question of whether there is any evidence, under the laws and facts, to support the verdict of the jury. There was no attack on the validity of the contract on which the action is based, and its execution on the part of the defendant was admitted. By the terms of the contract, when it was negotiated the agent had rendered a valuable service for which either the seller or the buyer was liable to her for a commission, the seller being primarily liable, and the buyer becoming liable if the sale was not consummated due to the buyer's default. The sale was not consummated, and the controlling question is whether the defendant is liable for the agent's commission under the evidence in the record here presented.

Although Mrs. Norman testified that the defendant had stopped payment on his check for $1000 earnest money and had refused to put up 10% escrow, as provided in the contract, the evidence of the defendant discloses that he went to the plaintiff's home at least twice, and that on the first occasion, which was on the Sunday following the signing of the contract, the plaintiff's husband told him, upon inquiry, that he did not know when the defendant could get possession of the property, and later told the defendant that it would be after October 15th before he could get possession. The defendant's wife testified that she received indefinite answers from the plaintiff as to when she and her husband would vacate the premises. The defendant admitted he had not put up the 10% in escrow, but said he did not put it up because the plaintiff, her husband, and Mrs. Norman would never tell him definitely or give him any satisfaction as to when the house could be delivered to him. The defendant testified that he had learned from the party from whom the husband of the plaintiff had purchased a home in Athens that this house would not be ready for occupancy until after October 15th, and that in fact the plaintiff and her husband did not vacate the property in question until February, 1947. Other

evidence is merely cumulative, and it all leads to the conclusion that, although the contract called for the defendant to receive possession of the house on or before October 15, 1946, he was unable to get any assurance that this provision of the contract would be carried out. The contract called for delivery of possession of the property on or before October 15, 1946, and the promise of the seller to deliver possession and comply with the other terms of the contract are interdependent with the promise of the buyer to pay for the property. Neither the buyer nor the seller is obligated to perform unless the other is ready and able to perform his or her obligations under the contract. As a necessary element on which to base the seller's action to recover the agent's commission from the buyer, for the use of the agent, under the terms of the contract in this case, the seller must show that there was a readiness and ability on her part to carry out the terms of the contract at the time of any breach on the part of the buyer, and unless this is shown, the breach of the buyer is of no avail to the seller. The plaintiff failed to show this in the present case. The agent, Mrs. Norman, testified that the seller was ready and able to deliver possession of the property on October 15, 1946, but this evidence is only a conclusion on the part of the agent, unsupported by fact. There was uncontradicted evidence introduced by the buyer showing an intent on the part of the seller not to deliver possession on October 15, 1946, as provided in the contract, and showing that it was improbable, if not impossible, that possession would be given or offered to the buyer on October 15, 1946, although he might perform all of his obligations under the contract. "If the nonperformance is caused by the act or fault of the opposite party, that excuses the other party from performance." Code, § 20-1104. Also, see *Bank of Commerce v. Knowles*, 32 *Ga. App.* 800 (1), 802 (124 S. E. 910); *Day, Gaskin & Company v. Jeffords*, 102 *Ga.* 714 (29 S. E. 591); *McLeod v. Hendry*, 126 *Ga.* 167 (2) (54 S. E. 949); *Pearson v. Horne*, 139 *Ga.* 453 (3a) (77 S. E. 387); *Turman v. Smarr*, 145 *Ga.* 312 (2) (89 S. E. 214).

The verdict for the plaintiff was unauthorized by the evidence, and the court erred in overruling the defendant's motion for a

new trial, and under this view it is unnecessary to pass on the other grounds of the motion.

*Judgment reversed. Sutton, C. J., and Felton and Parker, JJ., concur.*