## 54139. HUNTER v. McLELLAND et al.

SMITH, Judge.

Hunter appeals from the denial of his motion for involuntary dismissal and from the entry of judgment for appellees. We reverse.

Appellees sued as payees on a $5,000 note which Hunter and Legum had signed as co-makers. On the same day the parties executed the note and expressly as consideration therefor, appellees, the sellers under the contract, extended the closing date of a real estate sales contract on which Legum was the buyer. Appellees and Legum had postponed closing this contract on several previous occasions, and, because of this difficulty and because of the fact that Legum "was having a hard time financially," appellees required Hunter's signature on the amendment extending the time for closing and on the $5,000 note. The property to be sold was subject to a mortgage held by the Federal Land Bank, and the sales contract provided that, when Legum purchased the property, he was to assume that loan. The sales contract further stipulated: "If the loan documents covering the loan to The Federal Land Bank . . . requires prior approval from The Federal Land Bank to a sale of said property, Seller shall furnish Purchaser, prior to closing, written approval from The Federal Land Bank to this loan." The bank's loan documents did require the bank's approval to a sale. Appellees admitted that they never furnished Legum with the bank's written approval to the sale,

which, ultimately, was not closed.

The court's findings of fact, supported by the evidence, were that Hunter had signed the note, admitted its genuineness and failed to pay. On the basis of these findings alone, the court entered judgment against Hunter. After a consideration of the court's findings of fact and the undisputed evidence in the record, we conclude that the court should have rendered the opposite judgment.

1. UCC § 3-119 (1) provides that "the terms of an instrument may be modified or affected by any other written agreement executed as part of the same transaction." Code Ann. § 109A-3—119 (1). The amendment to the sales contract and the $5,000 note were executed as part of the same transaction. The amendment expressly said that the time for closing was being extended in consideration of the $5,000 note. Appellees and Legum, the parties to the sales contract, thereby expressed their intention to close the sale at a later date under the same conditions and stipulations set out in the sales contract, one of which was that the appellees furnish Legum with the Federal Land Bank's written approval.

"[T]he promise of the seller to deliver possession and comply *with the other terms* of the contract are interdependent with the promise of the buyer to pay for the property. Neither the buyer nor the seller is obligated to perform unless the other is ready and able to perform his or her obligations under the contract." (Emphasis supplied.) *Lloyd v. Norman,* 77 Ga. App. 598, 602 (49 SE2d 131). It is undisputed that the appellees had not complied with a condition precedent to Legum's obligation to close. Thus, had appellees sued Legum on the sales contract, their failure to furnish him with the bank's written approval would be a complete defense for him. Likewise, their failure to perform the condition precedent constitutes a failure of consideration for the note and furnishes Hunter with a complete defense. In *Bank of Commerce v. Knowles,* 32 Ga. App. 800 (1) (124 SE 910), the court noted: "The inability of the vendor of land to make title according to his contract will give the vendee a cause of action for a breach of the contract, and justify him . . . in asserting a want or failure of consideration, as to any

notes executed therefor in the hands of a holder with notice." The fact that Hunter was not the vendee does not vitiate the defense of failure of consideration because Hunter, like Legum, executed the note as consideration for appellees' extension of the time for closing and their continued compliance with the terms of the sales contract. UCC § 3-601 (2) codifies the principle that a failure of consideration on the underlying contract discharges liability on the note. Code Ann. § 109A-3—601(2); *Tallahassee Bank &c. Co. v. Raines,* 125 Ga. App. 263 (2) (187 SE2d 320). The appellees' failure to perform under the sales contract as amended, in consideration for which Hunter had signed the note as co-maker, discharges him from liability as a matter of law. Therefore, the trial court erred in entering judgment against him.

2. Our holding in Division 1 renders unnecessary a consideration of Hunter's contention that the trial court erred in denying his motion for involuntary dismissal.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED JUNE 27, 1977 — DECIDED OCTOBER 18, 1977 — REHEARING DENIED NOVEMBER 7, 1977.

*Gershon, Ruden, Pindar & Olim, Max Olim,* for appellant.

*John F. Manning, Steven P. Gilliam,* for appellees.