### 58791. SADLER v. WINN-DIXIE STORES, INC.

DEEN, Chief Judge.

The plaintiff appellant owns a shopping center in which the appellee is a tenant under a lease for 15 years with three optional renewals of five years each. The action seeks recovery of the cost of an automatic sprinkler system required by the State Fire Marshall to be installed in the supermarket which is the subject of the lease. Both sides moved for summary judgment based on their conflicting interpretations of lease provisions and the trial court granted that of the defendant tenant and denied that of the landlord.

Among the duties required of the tenant are: It must fully comply with all laws and regulations relating to the cleanliness and use of the premises, character and manner of operation of the business conducted thereon. It must

keep the interior in good condition and repair, except structural repairs.

The landlord is charged with maintaining the exterior of the building, including walls, foundation, structural members, plumbing, wiring, floors, and "shall make any and all structural repairs to both the exterior and interior of said premises." It further covenants that the building will be so *constructed and maintained* as structurally to conform to requirements of all statutes and regulations relating to public health and safety and that "Landlord will promptly make any changes or alterations which may become necessary in order that said premises may conform to such . . . statutes . . . now in force or which may hereafter be passed, adopted, or promulgated."

We affirm the grant of summary judgment to the tenant which casts the cost of installing the sprinkler system on the appellant landlord, on the ground that this requirement (based on an amendment to the Georgia Safety Fire Commissioner Act, Ga. L. 1967, pp. 619, 623, Code § 92A-710, and on a regulation adopted as part of the Life Safety Code under authority of Code § 92A-703, requiring approved automatic sprinkler protection in one-story mercantile buildings containing areas of over 15,000 square feet) is a change or alteration necessary in order that the building conform to the statute and the rules and regulations pursuant thereto adopted during the period of the lease. The automatic sprinkler system comes under "any alterations in the premises which may become necessary in order that said premises may conform to such regulations." "Such regulations" in this context means, among other things any governmental regulation relating to public safety. This is exactly the purpose of the Life Safety Code. We find nothing in the lease which would cast this burden on the tenant, as the installation of an automatic sprinkler system in a building which had no such system when constructed and leased cannot logically be considered a repair. That word has reference to the upkeep or replacement of a component part of the building necessary to the preservation of the premises in the same condition as they were at the time of the lease. *Bell House v. Wilkins,* 34 Ga. App. 285 (1) (129 SE 797) (1925). Whether it is a "structure" is irrelevant (although it

seems logical that the addition of the system would be in structural conformity with the safety requirements) where the landlord has covenanted to make *any changes or alterations necessary* to conform to governmental regulations. Where the parties as here expressly contract as to their respective obligations, general statutory provisions relating to their obligations to repair or otherwise maintain the premises may become inapplicable. *Browning v. F. E. Fortenberry & Sons,* 131 Ga. App. 498 (206 SE2d 101) (1974). Nor is the case controlled by Code § 85-805 relating to the duties of a tenant for years which sets a presumptive standard where the agreement fails to spell out the respective obligations of the parties. "The lease contract in its entirety, and in view of the facts and circumstances concerning the situation, will be looked to in determining the intention of the parties to the contract." *Shippen v. Ga. Better Foods,* 79 Ga. App. 813, 819 (54 SE2d 704) (1949). Under the terms of the lease the obligation to pay for the addition of the automatic sprinkler system clearly falls upon the appellant.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED DECEMBER 5, 1979 — REHEARING DENIED DECEMBER 12, 1979.

*Erwin A. Friedman,* for appellant.
*Malberry Smith, Jr.,* for appellee.