## 59356. HAISLIP v. GARBER et al.

SOGNIER, Judge.

Appellant, J. C. Haislip, agreed to purchase all of the stock of Moody Nursing Home, Inc. from appellees, stockholders of the corporation. Appellant made arrangements with two lending institutions for loans to finance the the purchase of the stock. The financial arrangements required that the stock of the corporation be turned over to Haislip prior to payment. Appellees objected to these arrangements, as the contract required cash or a certified check at closing; they made their objections known to Haislip, and refused to appear at the closing. Appellant admitted that he had been unable to raise the cash required to purchase the stock and that his only means of closing the transaction was to gain control of the stock before payment. Haislip sued the stockholders for breach of contract, alleging as damages the difference between the actual value of the stock and the contract price. After hearing evidence, the trial court directed a verdict in favor of appellees, finding that appellant had failed to demonstrate the ability to tender the purchase price of the stock as an individual party to the contract. We affirm.

Appellant contends that he was ready, willing and able to perform the contract and that appellees breached by failing to appear at the closing. However, appellant bore the burden of proving he was able to produce the cash necessary to close the transaction in accordance with the terms of the contract. By his own admissions, appellant failed to demonstrate this ability. Therefore, appellees were excused from performance. Neither the buyer nor the seller is obligated to perform unless the other is ready and able to perform his or her obligations under the contract. *Hunter v. McLelland,* 143 Ga. App. 746 (240 SE2d 153) (1977). In order to prevail, the appellant was required to show a readiness and ability to carry out the terms of the contract at the time of any breach by appellee, and unless this was shown, the breach by appellee was not available to appellant. *Lloyd v. Norman,* 77 Ga. App. 598, 602 (49 SE2d 131) (1948). If a sale fails, in order for the buyer to recover for breach of contract he must allege and prove an offer of performance on his part by tender of the purchase money, unless tender is waived. *Owensby v. Byrd,* 75 Ga. App. 729, 731 (44 SE2d 452) (1947); *Bigham v. Bank of Madison,* 51 Ga. App. 643, 649 (181 SE 197) (1935). Appellees did not waive the requirement of tender, and appellant failed to demonstrate that he was able to tender the purchase price of the stock.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 6, 1980 — DECIDED JUNE 13, 1980 —
REHEARING DENIED JUNE 27, 1980 — ▮▮▮▮▮▮▮▮▮

*Martin H. Rubin,* for appellant.

*M. Hardeman Blackshear, Charles L. Gregory, Cleburne E. Gregory, Jr., H. Fred Gober,* for appellees.