A91A1173. FINE & BLOCK et al. v. EVANS et al.
(411 SE2d 73)

McMURRAY, Presiding Judge.

This is a legal malpractice case predicated upon the defendant attorneys' negligence on the appellate level, specifically an unexcused delay in obtaining the filing of a transcript which resulted in the dismissal of their client's appeal from an adverse result in the trial court. Defendants, Fine & Block, a law partnership, and A. J. Block and Gary Goldsmith, individually as members of the law firm of Fine & Block, admitted that their failure to obtain an extension of the time for filing a transcript of the trial in the underlying case was not in accordance with the standard of care normally exercised by attorneys at law under the same or similar circumstances. Based on defendants' admission, the superior court granted the motion for partial summary judgment of plaintiffs C. Gary Evans and Glen Restaurants, Inc., on the issue of negligence. Thereafter, defendants moved for summary judgment contending that they had not represented plaintiff Evans and that their breach of duty had caused no injury to plaintiffs since the judgment in the underlying lease contract case would not have been reversed had that judgment been appealed to this Court. The superior court denied defendants' motion for summary judgment and we granted defendants permission to file this interlocutory appeal. *Held*:

1. "[I]n a suit for legal malpractice, proof that the attorney's negligence proximately caused the client's harm is necessary for recovery.

*Rogers v. Norvell*, 174 Ga. App. 453, 457 (2) (330 SE2d 392) (1985); *Parten v. Swan*, 183 Ga. App. 364, 365 (358 SE2d 906) (1987)." *Whitehead v. Cuffie*, 185 Ga. App. 351, 352 (364 SE2d 87). In the context of a legal malpractice case in which the negligence alleged is the failure of an attorney to file or perfect an appeal, proximate cause may be established by showing that the appellate court would have reversed and that upon remand to the lower court the client would have obtained a more favorable result. *Millhouse v. Wiesenthal*, 775 SW2d 626, 627; *Chicago Red Top Cab Assn. v. Gaines*, 364 NE2d 328, 329; *Floyd v. Kosko*, 329 SE2d 459, 461; *Daugert v. Pappas*, 704 P2d 600, 603; *Cabot, Cabot & Forbes Co. v. Brian, Simon, Peragine, Smith & Redfearn*, 568 FSupp. 371, 372; *Better Homes, Inc. v. Rodgers*, 195 FSupp. 93, 97.

In the case sub judice, we are particularly concerned with the manner in which the first prong of this test for proximate cause is established. The superior court, citing the dissent in *Millhouse v. Wiesenthal*, 775 SW2d 626, supra, held that the question of legal malpractice is not a matter of law to be decided on a motion for summary judgment, but a matter to be decided by a trier of fact under proper instructions from the court and with the aid of expert testimony. This conclusion is not correct as to the question of whether an appeal would have been successful.

This court is limited to resolving questions of law rather than fact. *Gilman Paper Co. v. James*, 235 Ga. 348, 349 (219 SE2d 447); *Williams v. Terry*, 197 Ga. App. 209, 210 (4) (398 SE2d 239); *Ingram v. Peterson*, 196 Ga. App. 888, 889 (1) (397 SE2d 141). Consequently, a determination of whether an appeal to this Court would have been successful is a question of law, exclusively within the province of judges, and should have been decided by the superior court in ruling on defendants' motion for summary judgment. The superior court erred in holding otherwise. See *Millhouse v. Wiesenthal*, 775 SW2d 626, 628, supra.; *Floyd v. Kosko*, 329 SE2d 459, 461, supra; *Daugert v. Pappas*, 704 P2d 600, 603, supra; *Cabot, Cabot & Forbes Co. v. Brian, Simon Peragrine, Smith & Redfearn*, 568 FSupp. 371, 374, supra.

2. We must address the merits of the hypothetical appeal in order to determine whether the superior court's error was harmful. In the underlying lease contract case, Building 5 Associates, Ltd., obtained a judgment against defendants' client, Glen Restaurants, Inc., for rent due under a lease. The judgment was entered by Judge Eldridge following a trial without a jury.

Plaintiffs contend that Judge Eldridge erred in applying the measure of damages stated in *Szabo Assoc. v. Peachtree-Piedmont Assoc.*, 141 Ga. App. 654, 655, 656 (234 SE2d 119), arguing that *Szabo Assoc.* was disapproved in *Piggly Wiggly Southern v. Eastgate Assoc., Ltd.*, 195 Ga. App. 10 (392 SE2d 337). However, in *Piggly Wiggly South-*

*ern*, we merely disapproved of certain dicta in *Szabo Assoc.* concerning what the measure of damages would have been if there had been an anticipatory breach, but did not criticize the measure of damages, taken from *Dehco, Inc. v. Greenberg*, 105 Ga. App. 236, 238 (2) (124 SE2d 311), which was actually applied in reaching the judgment in *Szabo Assoc.* In the underlying lease contract case, the breach of the lease was not anticipatory in nature, thus was not within the scope of the disapproved dicta from *Szabo Assoc.* or the decision in *Piggly Wiggly Southern.* Judge Eldridge did not err in applying from *Szabo Assoc.* the measure of damages taken from *Dehco, Inc.*

Plaintiffs also contend that Judge Eldridge erred in awarding expenses of litigation pursuant to OCGA § 13-6-11 in the underlying lease contract case. While it is only necessary to show the existence of one of the statutory conditions of this section in order to authorize an award of damages for expenses of litigation (*Gordon v. Ogden*, 154 Ga. App. 641 (2) (269 SE2d 499)), Judge Eldridge found that all three were present in the underlying lease contract case. Such findings by a trial court, sitting as trier of fact, must be upheld if supported by any evidence. In the underlying lease contract case, the award of expenses would have been approved on the basis of at least one of the statutory conditions. For example, the bad faith referred to in OCGA § 13-6-11 is not bad faith in refusing to pay but bad faith in the transaction out of which the cause of action arises. *Mallory v. Daniel Lbr. Co.*, 191 Ga. App. 234, 236 (2) (381 SE2d 406). The finding of Judge Eldridge of bad faith was authorized by evidence that Glen Restaurants, Inc., demanded that the space covered by the lease be vacated and continued to assure Building 5 Associates, Ltd., that it intended to occupy same when it had no intention of doing so. *Hirsh v. Goodlett*, 196 Ga. App. 127, 128 (2) (395 SE2d 626).

After reviewing the pleadings and transcript of the trial in the underlying lease contract case included in the record of the case on appeal, we conclude that an appeal by Glen Restaurants, Inc., would not have been successful. Consequently, defendants' negligence in permitting the dismissal of the appeal of the judgment in the underlying lease contract case could not have been the proximate cause of any harm to the plaintiffs in the case sub judice. The superior court should have held accordingly upon consideration of defendants' motion for summary judgment and the court erred in denying that motion.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 9, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991 —

*Shapiro, Fussell, Wedge & Smotherman, Robert B. Wedge, Adrienne L. Anderson,* for appellants.

*Walter M. Henritze, Jr.,* for appellees.