A91A1837, A91A1838. HIPPLE et al. v. BRICK et al.; and vice versa.
(415 SE2d 182)

BEASLEY, Judge.

Accountant Brick and his professional corporation brought a legal malpractice action against attorney Hipple and his professional corporation, for failure to protect their right of appeal in a suit they lost.

Brick retained Hipple to represent Brick's corporation in a suit against Whalen and Hixon; they counterclaimed against Brick individually. Brick moved for summary judgment on the counterclaim, but it was denied. The case went to trial, and Brick as defendant-in-counterclaim moved for a directed verdict, which was denied.

The jury initially returned a verdict on the counterclaim awarding Whalen and Hixon $39,000 punitive damages but no compensatory damages. Brick moved for a mistrial, which the court did not rule on. He also sought to have the verdict disregarded and judgment entered in his favor. The trial court refused to accept the verdict and instructed the jury that there could not be an award of punitive damages without compensatory damages. The court instructed the jury to deliberate further, which deliberations resulted in a verdict in favor of Whalen for $20,000 compensatory damages and $6,000 punitive damages, and in favor of Hixon for $10,000 compensatory damages and $3,000 punitive damages.

Brick moved for judgment notwithstanding the verdict on the above grounds, or in the alternative for a new trial on six grounds including the same but adding another, i.e., the failure to give a requested charge. The court denied these motions. Despite the provisions of OCGA § 15-6-21 (b) and (c), this was not done until approximately one year and one month afer they were filed, and attorney Hipple did not receive notice of the entry of the order. He learned of it in a telephone call from opposing counsel 35 days after the motions had been denied, after expiration of the 30-day period for filing of a notice of appeal. See OCGA § 5-6-38. Hipple took no action to resurrect the case, such as filing a motion to set aside the judgment in order to gain a new 30-day period, under OCGA § 9-11-60 (d). See Cambron v. Canal Ins. Co., 246 Ga. 147, 148 (1) (269 SE2d 426) (1980); Atlantic-Canadian Corp. v. Hammer, Siler, George & Assoc., 167 Ga. App. 257 (1) (306 SE2d 22) (1983). Brick, however, did not advance the lack of such a motion as a basis for his claim of negli-

gence.

Client Brick's malpractice claim is predicated on attorney Hipple's alleged negligence in failing to monitor the status of the case and timely to inform Brick of the order so that an appeal could have been taken. Defendants Hipple moved for summary judgment on the grounds that Hipple was not negligent and that any inaction on his part did not damage Brick, since as a matter of law an appeal would not have been successful. Plaintiff Brick sought partial summary judgment on the issue of liability, contending that Hipple's inaction was negligence per se. Both motions were denied.

In Case No. A91A1837, defendants Hipple appeal the denial of their motion for summary judgment. In Case No. A91A1838, plaintiff Brick appeals the denial of his motion for partial summary judgment.

## Case No. A91A1837

1. Hipple first enumerates that the court erred in failing to rule that the issue of whether the underlying judgment would have been reversed on appeal is an issue of law to be determined by the court.

Of course, the principle espoused by appellants is correct. The question of whether an appeal would have been successful "is a question of law, exclusively within the province of judges." *Fine & Block v. Evans,* 201 Ga. App. 294, 295 (1) (411 SE2d 73) (1991). The order appealed from simply denies the motions without explanation, so we cannot ascertain the basis for the denial or whether the court made the ruling complained of. We assume that the court did not make an erroneous ruling. See *Torok v. Mize,* 164 Ga. App. 357, 358 (1) (296 SE2d 738) (1982).

2. Next Hipple contends that the court erred in failing to conclude that the judgment against his clients would have been affirmed on appeal.

The only enumeration of error which would have been pursued on Brick's appeal, Hipple argues, was the matter of how the court dealt with the jury's original verdict.

It is true, as Hipple recites, that when a jury returns a verdict for punitive but not compensatory damages, the trial court is not required to declare a mistrial. Instead, the court may instruct the jurors concerning the necessity of finding actual or compensatory damages before punitive damages can be awarded, and then order them to deliberate further. *Colonial Stores v. Fishel,* 160 Ga. App. 739, 742 (2) (288 SE2d 21) (1981); *Ballard v. Turner,* 147 Ga. App. 584, 585 (3) (249 SE2d 637) (1978); accord *Biggers v. Biggers,* 250 Ga. 248, 250 (2) (297 SE2d 257) (1982); *Parrish Bakeries of Ga. v. Wiseman Baking Co.,* 104 Ga. App. 573, 575 (122 SE2d 260) (1961). That was done in Brick's case, so the judgment of the trial court based on the jury's

ultimate verdict would have been correct in this regard.

However, the record fails to show that this was the only matter which would have been pursued on appeal. As stated above, there were other grounds advanced in the motion for j.n.o.v. or in the alternative for a new trial, such as the sufficiency of the evidence to support the verdict. Neither the trial court nor we have the transcript of the underlying trial, so no legal judgment can be made on this point. The same emptiness applies to the rejected jury instruction. Its wording, as well as its context, is missing from the record.

Defendant Hipple, as movant for summary judgment, would have to submit undisputed evidence that these other grounds, which were raised and ruled on by the trial court in his client's lawsuit, were meritless as a matter of law. We, no more than can the trial court in this case, "address the merits of the hypothetical appeal," as this Court was equipped to do in *Fine & Block*, supra at (2). Of course, if there was undisputed evidence that Brick had unequivocally conveyed to his attorney that he relinquished the right to appeal these grounds in the event the post-trial motion was denied, as is alluded to by Hipple, then defendants Hipple would be entitled to summary judgment without further legal analysis. But the record does not demonstrate that either.

3. All of this aside, attorney Hipple claims entitlement to summary judgment on the theory that, as a matter of law, he breached no duty to his client in relying on the court and the mail to provide notification to him of entry of the court's order on the motions, as it is standard practice for attorneys to do so.

In the first place, there is a counteraffidavit from another attorney with respect to the professional practice. In the second place, OCGA § 15-6-21 does not relieve an attorney from keeping informed of the progress of the client's case. The statutory obligation on a judge to send the order does not address the attorney's separate and independent duty, which arises not from the statute but from the contract with the client. As stated in *Bragg v. Bragg*, 225 Ga. 494, 496 (170 SE2d 29) (1969): "It is fundamental that it is the duty of counsel who have cases pending in court to keep themselves informed as to the progress of the cases so that they may take whatever actions may be necessary to protect the interests of their clients."

It has not even been proved that the court did not send notice. Cf. *Vines v. Citizens Trust Bank*, 146 Ga. App. 845, 847 (1) (247 SE2d 528) (1978), regarding proof of receipt of mail. Even if it had failed to fulfill its duty, counsel would not necessarily be excused from checking for over a year. See *American Mut. &c. Ins. Co. v. Satterfield*, 88 Ga. App. 395, 398 (2) (76 SE2d 730) (1953). There being a question for the jury as to whether Hipple breached his duty to his client, summary judgment to attorney Hipple and his professional

corporation was properly denied.

## Case No. A91A1838

Plaintiffs Brick accept as the criterion for legal malpractice when an appeal right is lost, that they must show that the appeal would have resulted in an opinion favorable to them. The client seeks relief from the underlying monetary judgment of $39,000. See OCGA § 51-12-4; *Hall v. Browning,* 195 Ga. 423, 428 (5c) (24 SE2d 392) (1943). The question is whether the failure to apprise the client of the opportunity to appeal stands in the way or, in legal terms, whether it is the proximate cause of injury.

Brick, the client, acknowledges that he has not proved damages as a matter of law, but he asserts that he is entitled to summary judgment on the issue of liability insofar as the tort elements of duty and breach of duty and proximate cause, and the contract elements of duty and breach, are concerned.

Without addressing whether he has conclusively proved duty and breach, cf. *Hughes v. Malone,* 146 Ga. App. 341, 345 (247 SE2d 107) (1978), it is clear that, as discussed above, there are issues of proximate cause still unresolved. *Whitehead v. Cuffie,* 185 Ga. App. 351 (2) (364 SE2d 87) (1987). Brick has not proved as a matter of law that he would have prevailed on appeal to the extent that he would be absolved of the judgment for $39,000. Consequently, as the trial court correctly ruled, plaintiff was not entitled to summary judgment on liability.

*Judgments affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 27, 1992.

*Shapiro, Fussell, Wedge & Smotherman, Robert B. Wedge, Adrienne L. Anderson,* for appellants.
*Hugh M. Dorsey III,* for appellees.