A94A2802. JARAYSI v. SOLOWAY et al.
(451 SE2d 521)

BLACKBURN, Judge.

This is a legal malpractice case in which the trial court granted summary judgment to appellees/defendants Christopher J. McFadden, David N. Soloway, and the law firm of Frazier, Soloway & Poorak (hereinafter referred to as the law firm). The appellant/plaintiff, Lee F. Jaraysi, also appeals the trial court's denial of his cross-motion for summary judgment.

Soloway handled the trial of a breach of contract action on behalf of Jaraysi. Jaraysi received a judgment in that action; however, he sought to appeal it as insufficient. Although Soloway and the law firm did not represent Jaraysi in his appeal, Soloway did prepare and provide him with a notice of appeal and written instructions on filing an appeal pro se. Soloway also referred Jaraysi to McFadden for assistance with the appeal. Neither Soloway nor McFadden informed Jaraysi that a discretionary application was required pursuant to

OCGA § 5-6-35 (a) (6). On December 23, 1991, Jaraysi, pro se, filed a direct appeal of the jury's verdict to this court, and the appeal was subsequently dismissed on January 19, 1993, based upon Jaraysi's failure to file a discretionary application since the judgment entered thereon was less than $10,000. See OCGA § 5-6-35 (a) (6).

In the instant action, Jaraysi brought suit against Soloway, McFadden, and the law firm, asserting that they were negligent in failing to discover Soloway's failure to inform him of the appropriate appellate procedure, that Soloway negligently drafted the promissory note in 1987 (the subject of Jaraysi's breach of contract suit), and that McFadden negligently failed to inform him that his appeal was subject to dismissal for the failure to file a discretionary application.

1. Initially, Jaraysi maintains that the trial court erred in granting summary judgment in favor of McFadden, Soloway, and the law firm, and in denying his motion for summary judgment because he would have been successful on appeal in obtaining a reversal of the lower court's judgment.

"In a suit for legal malpractice, proof that the attorney's negligence proximately caused the client's harm is necessary for recovery. In the context of a legal malpractice case in which the negligence alleged is the failure of an attorney to [properly advise a client on] fil[ing] or perfect[ing] an appeal, proximate cause may be established by showing that the appellate court would have reversed and that upon remand to the lower court the client would have obtained a more favorable result." (Citations and punctuation omitted.) *Fine & Block v. Evans*, 201 Ga. App. 294, 295 (411 SE2d 73) (1991). A determination of whether an appeal to this court would have been successful is a question of law, and hence, proper for summary adjudication. Id.

In the underlying breach of contract action, Jaraysi had obtained the services of Soloway to draft all the documents associated with the sale of his gasoline and convenience store business and the lease of the property on which the business was located. The purchasers made a $25,000 down payment on the $135,000 purchase price for the business, and promised to pay Jaraysi the remaining $110,000 balance in monthly installments over a 15-year period as provided in the promissory note. The promissory note was executed by the purchasers in exchange for "value received." They further agreed to lease the premises starting at $2,500 per month for a 15-year period. The purchasers failed to make the first scheduled payment on the *promissory note* and it was declared in default. Two months later, the commercial building leased to the purchasers of the business was destroyed by fire. The purchasers had made payments pursuant to the *lease* agreement until the time of the fire.

Jaraysi contends that the trial court erred in failing to rule that

the subject promissory note was an unconditional contract as a matter of law, and therefore, its terms could not be altered by parol evidence. We cannot agree. The record viewed in the light most favorable to Jaraysi as the nonmovant shows that the promissory note, the contract for the sale of the business, and the commercial lease of the premises, were executed simultaneously. Under Georgia's Uniform Commercial Code, an instrument may be modified or affected by any other written agreement executed as a part of the same transaction. OCGA § 11-3-119 (1). See also *Hunter v. McLelland*, 143 Ga. App. 746 (1) (240 SE2d 153) (1977). The promissory note is not complete on its face and is ambiguous as it does not specify the consideration received by Jaraysi in exchange for the note.

Paragraph 7 of the lease agreement provided that the purchasers were responsible for maintaining the leased premises in good order and repair. Jaraysi was responsible for "any repairs of a major structural nature." The lease did not otherwise address the reconstruction of the property if destroyed by fire. Jaraysi did not repair the leased building after it was destroyed by fire and an expert who testified on Jaraysi's behalf at trial opined that the major structural damage to the building was irreparable. However, the purchasers maintained that Jaraysi was obligated to repair the building after it was destroyed by fire, and his failure to do so was an absolute defense to payment under the promissory note. In *Hunter*, this court held that failure of the party to satisfy a condition precedent of a sales contract for the purchase of realty would be a complete defense for a note executed in the same transaction for extending the date of the closing transaction.

The evidence produced at trial presented an issue of fact which was resolved by the jury as to whether Jaraysi breached the lease and whether there was a failure of consideration for the lease agreement warranting an off-set of any payments due under the promissory note. As the trial court noted, the purchasers would not have purchased the business and executed the note if they could not operate the business after the commercial property in which the business was located was destroyed by fire. Pursuant to the terms of the lease, the parties contractually agreed to their respective obligations in terms of repairing the property, with Jaraysi maintaining responsibility for repairing items of a major structural nature. We cannot say as a matter of law that Jaraysi was obligated to rebuild the commercial building after it was destroyed by fire. However, there is nothing in the lease which would place the responsibility on the purchasers to rebuild the leased premises after its destruction by fire, and such reconstruction could not logically be considered a minor repair. See *Sadler v. Winn-Dixie Stores*, 152 Ga. App. 763, 764 (264 SE2d 291) (1979). In addition, there was evidence presented at trial which provided a reasonable

basis for the action of the jury in off-setting the monies due under the contract after the fire. See *Toole v. Brownlow & Sons Co.*, 151 Ga. App. 292 (259 SE2d 691) (1979).

Consequently, in reviewing the transcript of the trial below, we conclude that an appeal would not have been successful. *Evans*, supra. Therefore, Jaraysi has not shown that any action of Soloway, McFadden, and the law firm in connection with his dismissed appeal proximately caused him any harm. Id. Accordingly, the trial court did not err in granting summary judgment in favor of McFadden, Soloway, and the law firm in connection with the unperfected appeal, and in denying Jaraysi's cross-motion for summary judgment.

2. In addition, the trial court did not err in granting summary judgment in favor of Soloway and the firm on Count 2 of the complaint in which Jaraysi asserted a cause of action based upon Soloway's allegedly negligent preparation of the promissory note on or before October 30, 1987. "It has long been the law in this state that a cause of action for legal malpractice, alleging *negligence or unskillfulness*, sounds in *contract* (agency) and, . . . is subject to the four-year statute of limitation in OCGA § 9-3-25. Such a cause of action can *also* sound in tort and, thus, be subject to the one-year and/or two-year limitation of OCGA § 9-3-33." (Citations and punctuation omitted.) *Coleman v. Hicks*, 209 Ga. App. 467, 468 (1) (433 SE2d 621) (1993). Since this legal malpractice action stems from the breach of a duty imposed by the attorney-client contract of employment, the four-year statute of limitation is applicable. *Arnall, Golden & Gregory v. Heath Svc. Centers*, 197 Ga. App. 791 (1) (399 SE2d 565) (1990). Jaraysi filed the instant action on November 23, 1993, outside the applicable statute of limitation. However, unlike in *Arnall, Golden & Gregory*, Jaraysi has not alleged and the evidence does not show that Soloway and the law firm concealed or misrepresented any negligence in the preparation of the promissory note warranting the tolling of the limitation period.

3. Based upon our decision in Divisions 1 and 2 above, Jaraysi's remaining enumerations of error are rendered moot.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 7, 1994.

*Edward J. Sullivan, Michael O. Crain,* for appellant.

*Troutman Sanders, Daniel S. Reinhardt, Herbert D. Shellhouse, Christopher J. McFadden, Hertz & Link, Houston D. Smith III,* for appellees.