## A03A1048. MULLIGAN et al. v. RAWLS et al.
### (582 SE2d 562)

ELLINGTON, Judge.

Carol Mulligan and her professional corporation Carol Mulligan, M.D., P.C. (collectively "Mulligan") appeal the trial court's order granting summary judgment in favor of Samuel Rawls, Thomas Runyan, Deryl Warner, and Luiz Weksler in her professional employment suit. Mulligan's claims against Rawls, Runyan, Warner, and Weksler individually were based on the same operative facts as her claims in another action against Alta Anesthesia Associates of Georgia, P.C., of which the four individuals were "members, owners, officers and/or directors." In *Mulligan v. Alta Anesthesia Assoc. of Ga.*, 260 Ga. App. 727 (580 SE2d 678) (2003) (hereinafter *"Mulligan v. Alta"*), we reversed the grant of summary judgment in favor of Alta on Mulligan's claim for tortious interference with business relations.[1] Because the same questions of material fact remain for jury determination regarding Mulligan's tortious interference claim against Rawls, Runyan, Warner, and Weksler individually, we reverse here as well.

On appeal of a grant of summary judgment, we determine whether the trial court erred in concluding that the moving party demonstrated that no genuine issue of material fact remained and was entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

The events leading to this litigation are described in detail in *Mulligan v. Alta*, 260 Ga. App. at 727-728, and *Alta Anesthesia Assoc.*

---

[1] For other related appeals, see *Alta Anesthesia Assoc. of Ga. v. Gibbons*, 245 Ga. App. 79 (537 SE2d 388) (2000); *Glynn-Brunswick Mem. Hosp. Auth. v. Gibbons*, 243 Ga. App. 341 (530 SE2d 736) (2000) (three cases).

*of Ga. v. Gibbons,* 245 Ga. App. 79, 80 (537 SE2d 388) (2000), and will not be repeated here.

1. As in *Mulligan v. Alta,* Mulligan contends that the trial court erred by refusing to find that her conspiracy to restrain trade claim is a separate and cognizable claim apart from her claim for tortious interference with business relations. See 260 Ga. App. at 729 (1). Because the allegations underlying the restraint of trade claim are identical in the two actions, we follow our analysis in *Mulligan v. Alta* and find that a separate cause of action for restraint of trade does not exist under the facts of this case. Id. at 730 (1).

2. With regard to her tortious interference claim, Mulligan contends our decision in *Mulligan v. Alta* demands we reverse the grant of summary judgment in this case. We agree. Again, the allegations underlying the claim are identical in the two actions. The record contains evidence from which a jury could find that Rawls, Runyan, Warner, and Weksler, individually, in combination, or as members of Alta, committed improper acts that were directed against Mulligan, Jacqueline Gibbons, and other independent anesthesiologists as a group. 260 Ga. App. at 730-731 (2). Construing the evidence in favor of Mulligan as the nonmovant, we hold as we did in *Mulligan v. Alta* that it is for the jury to determine whether the Alta doctors improperly manipulated the surgery schedule, the assignment of cases, and first call duty to their own monetary and professional benefit and to the detriment of the independent anesthesiologists, including Mulligan. Accordingly, the trial court erred in granting summary judgment on Mulligan's tortious interference claim. Id.

*Judgment reversed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED MAY 28, 2003 — ▮

*John C. Butters, Kevin R. Gough,* for appellants.

*Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner,* for appellees.