## A03A1564. MULLIGAN et al. v. BRUNSWICK MEMORIAL HOSPITAL AUTHORITY.
### (589 SE2d 851)

ADAMS, Judge.

Plaintiff Carol Mulligan and her professional corporation Carol Mulligan, M.D., P.C. (collectively "Mulligan") appeal the grant of summary judgment to defendant Glynn-Brunswick Memorial Hospital Authority d/b/a Southeast Georgia Regional Medical Center (the "Authority"). The facts surrounding this case have previously been set forth in *Mulligan v. Alta Anesthesia Assoc. of Ga.*, 260 Ga. App. 727 (580 SE2d 678) (2003), and other related appeals,[1] and will be repeated here only as necessary.

1. At the outset we note that Mulligan's primary argument on appeal is that reversal of the trial court's order granting summary judgment to the Authority is mandated by our previous reversals of summary judgment to Alta and the individual defendant doctors in *Mulligan v. Alta Anesthesia Assoc.*, 260 Ga. App. at 731 (2), and *Mulligan v. Rawls*, 261 Ga. App. 419 (582 SE2d 562) (2003), respectively. But this argument ignores the factual and legal distinctions between these cases and provides no real basis or rationale for this Court to reverse the grant of summary judgment to the Authority. Thus, we find this argument to be without merit.

2. Although we declined in *Mulligan v. Alta Anesthesia Assoc.*, 260 Ga. App. at 730 (1), to recognize separate claims for conspiracy in restraint of trade and tortious interference with business relations, Mulligan argues that as to this adverse holding this case *is* distinguishable because the contract between the Authority and Alta provides the "conspiracy, combination or contract" element missing in the prior case. But the contract at issue cannot form the basis of this claim. As we noted in *Alta Anesthesia Assoc. of Ga. v. Gibbons*, 245 Ga. App. 79, 87 (537 SE2d 388) (2000), the Authority insisted on the provision of the contract that allowed the independent doctors, including Mulligan, to continue as members of the medical staff and to continue to be incorporated into the surgery schedule and take all appropriate call. As we concluded in *Gibbons,* this provision was intended to *protect* the ability of the independent doctors to earn a living at the hospital. Id. Clearly, the Authority did not intend for this agreement to exclude the services of Mulligan and the other independent anesthesiologists. Thus, Mulligan's reliance on this contract to show a conspiracy in restraint of trade is misplaced. More-

---

[1] For other related appeals, see *Mulligan v. Rawls*, 261 Ga. App. 419 (582 SE2d 562) (2003); *Alta Anesthesia Assoc. of Ga. v. Gibbons*, 245 Ga. App. 79 (537 SE2d 388) (2000); *Glynn-Brunswick Mem. Hosp. Auth. v. Gibbons*, 243 Ga. App. 341 (530 SE2d 736) (2000) (three cases).

over, the factual allegations Mulligan relies on to support her claim that the Authority and Alta engaged in a conspiracy involve unilateral actions by Alta and its members that were not authorized by the contract and that were arguably in contravention of the right specifically granted her under that contract to continue to provide anesthesia services at the hospital. Based on the foregoing, we find no merit to Mulligan's claim that the trial court erred by granting summary judgment on her conspiracy in restraint of trade claim.

3. Mulligan next asserts that the trial court erred in granting summary judgment on her claim of tortious interference with business relations. In her initial brief to this Court, Mulligan urged only the following argument in support of this enumeration: "for the reasons stated in *Mulligan v. Alta*, [260 Ga. App. at 731 (2),] the trial court's grant of summary judgment to the Hospital . . . must be reversed." In its brief, the Authority argued that summary judgment was properly granted on this claim because, inter alia, it was not a "stranger" to the business relationship at issue. In response to that argument, Mulligan filed a reply brief in this Court, arguing that the Authority was asserting this argument for the first time on appeal, and thus we could not consider it in deciding whether summary judgment was properly granted to the Authority. However, the record belies this contention and shows that the Authority clearly raised this issue in the trial court.

Moreover, we agree with the Authority that Mulligan's tortious interference claim was precluded as a matter of law based on the "stranger doctrine." *Physician Specialists in Anesthesia v. MacNeill*, 246 Ga. App. 398, 406 (4) (539 SE2d 216) (2000) ("application of the 'stranger doctrine' precludes [tortious interference] claim as a matter of law"); *Voyles v. Sasser*, 221 Ga. App. 305, 306 (3) (472 SE2d 80) (1996) ("[p]roof that [defendant] was no stranger to the business relations at issue is fatal to [plaintiff's] claim of tortious interference with business relations"); see also *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 609-610 (2) (503 SE2d 278) (1998).

4. Lastly, Mulligan argues that the trial court erred in granting summary judgment on her tort and contract claims for breach of the Authority's bylaws. Mulligan points to two portions of the bylaws she contends were breached, the preamble language relating to quality of patient care and the provision that prohibits the Authority from granting or denying clinical privileges "based solely or primarily on economic criteria that do not relate to clinical qualifications, professional responsibility or quality of care." But Mulligan has raised no claims that her *clinical privileges* were in any way limited by the Authority on this basis. Moreover, we have found nothing to support Mulligan's contention that claims may be based on the preamble to

the bylaws which merely sets forth an aspirational or policy statement. This enumeration is thus also without merit.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 7, 2003.

*John C. Butters, Kevin R. Gough,* for appellants.

*Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner, Gilbert, Harrell, Gilbert, Sumerford & Martin, Wallace E. Harrell III, Jeffrey S. Ward, Lisa G. Wood,* for appellee.