## A04A0482. ALTA ANESTHESIA ASSOCIATES OF GEORGIA, P.C. v. BOUHAN, WILLIAMS & LEVY, LLP et al.

### (601 SE2d 503)

BARNES, Judge.

Alta Anesthesia Associates of Georgia, P.C. ("Alta"), appeals the grant of summary judgment to Bouhan, Williams & Levy, LLP, and Roy E. Paul (collectively "the attorneys") in Alta's action against the attorneys for professional negligence allegedly committed in an earlier action in which they represented Alta and which resulted in an adverse judgment. Alta also appeals the denial of its motion for partial summary judgment on the attorneys' liability. Alta contends the attorneys' representation in the earlier action fell below the standard of care because they failed to move for a directed verdict on civil conspiracy and failed to object to the charge on civil conspiracy and their "failures proximately caused this court's refusal to vacate the tort and punitive damages verdict and judgment."

Alta asserts that as a matter of law the attorneys' conduct proximately caused this court to affirm the jury verdict in favor of Dr. Gibbons and her corporation, Southeast Georgia Anesthesiologist, P.C. (collectively hereinafter "Gibbons"). See *Alta Anesthesia Assoc. of Ga. v. Gibbons*, 245 Ga. App. 79 (537 SE2d 388) (2000). Therefore, the issue before us is whether the attorneys' actions prejudiced Alta's appeal, and not whether the outcome of the underlying action would have been different.

This is the eighth appeal[1]

[d]ocketed in this Court precipitated by the following events: In 1995, the Glynn-Brunswick Memorial Hospital Authority (Authority), which operated Southeast Georgia Regional Medical Center in Brunswick, became concerned about problems with the anesthesiology services provided by the hospital's anesthesiology department. At that time the anesthesiology department comprised nine independent anesthesiologists each holding privileges to practice at the hospital. The Authority decided that anesthesiology coverage at the hospital could best be provided by an organized group of anesthesiologists, and notified the anesthesiology department of its decision. Six of the anesthesiologists formed Alta Anesthesia

---

[1] *Mulligan v. Brunswick Mem. Hosp. Auth.*, 264 Ga. App. 39 (589 SE2d 851) (2003); *Mulligan v. Rawls*, 261 Ga. App. 419 (582 SE2d 562) (2003); *Mulligan v. Alta Anesthesia Assoc. of Ga.*, 260 Ga. App. 727 (580 SE2d 678) (2003); *Alta Anesthesia Assoc. of Ga. v. Gibbons*, supra, 245 Ga. App. 79; *Glynn-Brunswick Mem. Hosp. Auth. v. Gibbons*, 243 Ga. App. 341 (530 SE2d 736) (2000) (three cases).

Associates of Georgia, P.C., and procured a contract, which became effective around July 1996, to provide anesthesiology services to the hospital. At the Authority's insistence, the contract expressly allowed the three doctors who did not join Alta to continue to provide anesthesiology services at the hospital and expressly provided that they would be incorporated into the anesthesiology schedule "as requested by surgeons and others." However, new anesthesiologists would have to join Alta before they could practice at the hospital. One of the three doctors who did not join Alta was Dr. [Jacquelyn Gibbons], who had held privileges to provide anesthesiology services at the hospital.

(Footnote omitted.) *Mulligan v. Alta Anesthesia Assoc. of Ga.*, 260 Ga. App. 727 (580 SE2d 678) (2003). Because the facts are discussed in detail in our earlier opinions, we will repeat them here only as required.

Before the contract between Alta and the Authority was to become effective, Gibbons sought temporary, interlocutory, and permanent injunctions to bar the contract because Alta and the Authority allegedly conspired to restrain trade and interfere with her staff privileges and hindered her ability to practice her specialty because she was not a member of Alta. Later, Gibbons added a count seeking a declaratory judgment that the contract was illegal and void as a general restraint of trade. Gibbons also asserted that after implementation of the exclusive contract, Alta manipulated scheduling in the anesthesia department so that Alta anesthesiologists were assigned increased percentages of more lucrative surgeries and the operations where no anesthesiologist had been pre-selected, and that Alta intimidated surgeons and other staff persons to switch preferences from independent anesthesiologists to Alta.

Gibbons claimed that Alta committed tortious conduct before the parties agreed on a case assignment system. She alleged that Alta conspired to restrain trade by preventing her from practicing anesthesiology. She also alleged that Alta had breached its obligations under the case assignment system in the contract between Alta and the Authority. The jury returned verdicts for Gibbons on both claims, and awarded her $106,250 on the tort claim, $56,000 on the breach of contract claim, and $875,000 in punitive damages. Alta appealed that judgment contending the trial court erred by denying its motions for directed verdict, by giving certain jury charges, by allowing the award of punitive damages, in failing to limit the punitive damages award, and by allowing an award of special damages on Gibbons's breach of contract claim. See *Alta Anesthesia Assoc. of Ga. v. Gibbons*, supra, 245 Ga. App. at 80.

This court affirmed the trial court in part, because we found that Alta had not properly preserved most of the errors that it then asserted on appeal or that it failed to object to the charges given, but most importantly because we found that Gibbons had presented to the jury a legally cognizable tort claim for interference with her business relations. We first held that "[t]he focus of this court's review is upon substance and not merely nomenclature. When the trial court's judgment is correct for any reason, we will affirm." (Footnotes omitted.) *Alta Anesthesia Assoc. of Ga. v. Gibbons*, supra, 245 Ga. App. at 83 (2).

We then concluded that, notwithstanding the issues associated with the claims based on civil conspiracy,

> Georgia law has recognized a tort for malicious injury to the business of another. Here, the court charged on what is essentially the tort of interference with business relations. Such a claim may be stated by showing a general malicious intention to harm the plaintiff's business, or to drive the plaintiff out of business.
>
> The principle is generally recognized that a person's business is property in the pursuit of which he is entitled to protection from tortious interferences by a third person who, in interfering therewith, is not acting in the exercise of some right to compete for business. Every individual has a natural right to pursue a lawful occupation and to conduct his business according to his own plans and policies, where he does not offend the law or unlawfully infringe upon the rights of others.
>
> There was ample evidence to create at least a jury question on whether Alta committed such a tort. There was evidence that Alta procured business from surgeons who had stated preferences for independent anesthesiologists by refusing to respond to emergency calls to those surgeons' operations and by threatening those surgeons that they would not provide coverage for them, not even in cases of emergencies, unless they referred all of their surgeries to Alta. There was evidence that in one instance Alta refused to administer an epidural to a woman in labor because Gibbons was the assigned anesthesiologist, although Gibbons was being detained in another lengthy surgery.

(Punctuation and footnotes omitted.) *Alta Anesthesia Assoc. of Ga. v. Gibbons*, supra, 245 Ga. App. at 84 (2).

Further, this court held that

> [p]retermitting whether Gibbons's evidence was limited in that fashion, a conspiracy between Alta and its doctors or amongst Alta's doctors was not essential to recovery by Gibbons. A conspiracy upon which a civil action for damages may be founded is a combination between two or more persons either to do some act which is a tort, or else to do some lawful act by methods which constitute a tort. Where it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action. The gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage. . . .

> Malicious injury to the business of another will give a right of action to the injured party. And every person or business entity is responsible for torts committed by its servants by its command or in the prosecution and within the scope of its business. To the extent that Gibbons alleged Alta directly or indirectly through its doctors maliciously undertook actions aimed at destroying her practice in Glynn County, she asserted a theory against Alta that was cognizable regardless of the existence of a conspiracy.

(Citation, punctuation and footnotes omitted.) *Alta Anesthesia Assoc. of Ga. v. Gibbons*, supra, 245 Ga. App. at 85-86 (3). Accordingly, based on this analysis, we affirmed the judgment in favor of Gibbons notwithstanding the issues concerning civil conspiracy.

After the adverse judgment was affirmed by this court, Alta filed suit against the attorneys who represented it in that action asserting that they were liable for malpractice. The attorneys answered denying liability, and then moved for summary judgment, contending that they did not perform any act which proximately caused any damage to Alta, and that Alta could not prove a link between the alleged acts of malpractice and damage to Alta.

Alta's response to the motion merely asserted, however, that the attorneys had not shown as a matter of law that the alleged malpractice did not cause Alta's damages. The trial court found that this response was inadequate under the standards applicable to motions for summary judgment as announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), and granted the attorneys' motion.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, supra, 261 Ga. at 491. On appeal, a grant of summary judgment will be affirmed if it is right for

any reason. *MALAGA Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (431 SE2d 746) (1993). Further, when reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

Moreover,

> at summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, that party must demonstrate by reference to [the] evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case.

*Lau's Corp. v. Haskins*, supra, 261 Ga. at 495 (4). To prevail on this legal malpractice claim, Alta was required to show that the attorneys were employed by Alta, that they failed to exercise the requisite care, and that such negligence was the proximate cause of damage to the plaintiff. *Perry v. Ossick*, 220 Ga. App. 26, 29 (467 SE2d 604) (1996). Therefore, showing that the attorneys' negligence was the proximate cause of Alta's damage, i.e., the loss of the appeal, was an essential element of Alta's claim.

In this case, the attorneys asserted that Alta had no evidence that their actions were the proximate cause of this court's affirming the judgment of the trial court, and that, but for the alleged negligence of the attorneys, Alta's appeal would have been successful. *White v. Rolley*, 225 Ga. App. 467 (484 SE2d 83) (1997); *Hipple v. Brick*, 202 Ga. App. 571, 574 (3) (415 SE2d 182) (1992). Whether an appeal would have been successful "is a question of law, exclusively within the province of judges." *Fine & Block v. Evans*, 201 Ga. App. 294, 295 (1) (411 SE2d 73) (1991).

Considering the decision of this court in *Alta Anesthesia Assoc. of Ga. v. Gibbons*, supra, discussed above, we must affirm the trial court. The attorneys' failure to include the issue concerning civil conspiracy and to object to the charge on civil conspiracy simply were not the determinative factors in our prior decision. Even if we were to have considered those issues and concluded that Alta's position was correct, we would not have reached a different result because we would still have had to consider whether the judgment should have otherwise been affirmed. Given the evidence and record before us, the result would have been the same.

2. In view of our decision in Division 1, Alta's allegation that the trial court erred by denying its partial motion for summary judgment on the attorneys' liability is without merit.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 28, 2004 — 

*Callaway, Braun, Riddle & Hughes, R. Kran Riddle*, for appellant.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Robert S. Huestis*, for appellees.